

N/S
Fee

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CALIFORNIA

DAVID PHILLIP VALLEJOS

EDCV25-00350-KK-SP

Plaintiffs,                                    Civil Action No._____

V.

ROB BONTA, in his )
Official Capacity as the Attorney General )
of the State of California, and CHAD )
BIANCO, in his Official Capacity as the )
Riverside County Sheriff,,)

Defendants. )

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

COME NOW the Plaintiffs, DAVID VALLEJOS, ( "Plaintiffs"), by

and through their undersigned counsel, and complain of the Defendants as follows:

**I. PARTIES**

1. Plaintiff David Vallejos is an adult male resident of the State of California and resides in

Riverside County and is a citizen of the United States.

2. Plaintiff David Vallejos has exhausted all means to aCquire a ConCealed weapons Permit

1

in Riverside County and is not Prohibited from owning firearms and not disqualified from Carrying a weapon

3. Defendant Rob Bonta is the Attorney General of the State of California. He is

being sued in his official capacity. He is responsible for enforcing the State of California's customs,

policies,practices and laws related to the State of California's Concealed Carry Weapons license (CCW)
Defendant

Bonta may be served at the Office of Attorney General located at

600 West Broadway, Suite 1800 San Diego, CA 92101-3702

2

4. Defendant Chad Bianco is sued in his official capacity as Riverside County Sheriff.

. Defendant is responsible for enforcing the State of California's customs,

policies, practices and laws related to the State of California Concealed Carry Weapons Scheme. Defendant

Bianco.may

be served at address 4095 Lemon Street

Riverside, CA 92501

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.  § §

3

1331, 1343,2201,2202 and 42 U.S.C.  §  1983 and  §  1988.

6. Venue lies in this Court pursuant to 28 U.S.C.  §  1391.

## III. <u>STATEMENT OF FACTS</u>

a. The Second Amendment

7. The Second Amendment to the United States Constitution provides:    "A well

regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

8. The Second Amendment guarantees individuals a fundametal right to keep and

carry arms for self-defense and defense of others in the event of a violent confrontation. District

of Columbia v. Heller, 554 U.S.570(2008); McDonald v. Chicago, 561U.S. 742 (2010); Caetano

4

9. *Jacobson v. Massachusetts*, 577 U.S. 1027 (2016). Amendment "is the very product of an interest balancing by the people" and it " surelyelevates above all other interests the right of law-abiding, responsible citizens to use arms"for self-defense.

10. Bruen, 142 S.Ct. at 2131, emphasis added (citing Heller, 554 U.S. at 635).

Pursuant to Bruen, rather than a two-step interest balancing (mea ns-ends approach), courts must "asses whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." Bruen, 142 S.Ct. at 2132. Stated another way, courts must first interpret the Second Amendment's text, as informed by history. When the plain text of the Second Amendment covers an individual's conduct, the Constitution presumptively protects that conduct. Id. at 2129-30.

"In other words, it identifies a presumption in favor of Second Amendment protection, which the

11. State bears the initial burden of rebutting." New York State Rifle & Pistol Ass'n, Inc. V. Cuomo, 804 F.3rd 242, 257 and n.73 (2d Cir. 2015). The burden is placed on the government to "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearms regulation. Only then may a court conclude that an individual's conduct falls outside the Second Amendment's 'unqualified command.' " Id. at 2116, 2130 (quoting Konigsberg v. State Bar of Cal., 366 U.S. 36, 50, n10. (1961)). If the government cannot meet its burden, the law or regulation is unconstitutional – full stop. No interest-balancing, means-end scrutiny or analysis can be conducted.

12. Id. at 2127, 2129-2130.

**It is Undisputed that the Plain Text of the Second Amendment Protects the Right to Carry Firearms in Public**

As the Supreme Court held in Bruen, the plain text of the Second Amendment protects the right to carry firearms in public. This right includes the right to carry these weapons concealed. Bruen. Thus, the burden is on respondent to "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearms regulation." Id.

**There is no Historical Justification that Permits the Government to Strip Individuals of their Second Amendment Rights without a Conviction of Any Kind**

12. Arms are "'weapons of offence, or armour of defence.' 1 Dictionary of the English Language 107 (4th ed.)" They are anything that a man [or woman] wears for his defense, or takes into his hands, or uses in wrath to cast at or strike another.' 1 A New and Complete Law Dictionary (1771)." *District of Columbia v. Heller,* 554 U.S. at 581.

13. The Second Amendment extends, prima facie, to all instruments that constitute

bearable arms, even those that were not in existence at the time of the founding. *Heller*, 554 U.S.

at 582; Caetano, slip op. at 1 (per curiam).

14. Under the Second Amendment, Defendants retain the ability presumptively to

regulate the manner of carrying arms and may prohibit certain arms in narrowly defined sensitive

places, prohibit the carrying of arms that are not within the scope of Second Amendment's

protection such as unusually dangerous arms, and disqualify specific, particularly dangerous

individuals from carrying arms. *See* Heller, 554 U.S. at 627.

15. Given the decision in *Heller* and Bruen, Defendants may not completely ban the keeping and

bearing *of*   concealed arms for self-defense in public , deny individuals the right to

carry arms in non-sensitive places, deprive individuals of the right to keep or carry arms in an

arbitrary and capricious manner, or impose regulations on the right to keep and carry arms that are

inconsistent with the Second Amendment. *See Caetano* v. *Massachusetts, 136* S. Ct. 1027(2016);

Heller v. *District of Columbia*, 801 F.3d 264 (D.C. Cir. 2015); *Palmer* v. *District of Columbia, 59*

F.Supp.3d 173 (2014).

16. In a recent Fifth Circuit Court of Appeals case, the Fifth Circuit cited approvingly

to Caetano for the proposition that stun guns are protected arms under the Second Amendment:

In addressing whether stun guns are in common use, Justice Alito, joined by Justice

Thomas, implied that the number of states that allow or bar a particular weapon is

important:

> [T]he number of Tasers and stun guns is dwarfed by the number of firearms.
> This observation may be true, but it is beside the point....The more relevant
> statistic is that [200,000]... stun guns have been sold to private citizens,
> who it appears may lawfully possess them in 45 States.... While less popular
> than handguns, stun guns are widely owned and accepted as a legitimate
> means of self-defense across the country.

*Caetano,136* S.Ct. at 1032-33 (citations and quotation marks omitted).These two justices suggested that the 200,000 absolute number, plus that 45 states have "accepted [stun guns] as a legitimate means of self-defense," was enough to determine that the stun gun is in common use.

*Hollis v.Lynch,827* F.3d 436,449 (5th Cir.2016).

17. Many other jurisdictions have already found Concealed Carry Weapons schemes are unconstitutional post-Heller and Bruen

18. Bans on electric arms have been struck across the nation. See *People v. Yanna,* 824 N.W.2d 241, 243 (MMich. Ct. App. 2012) (striking down a Michigan statute criminalizing possession of electronic weapons), Second *Amendment Society v. Porrino,* No. 3:16-cv-04906-DEA (D.N.J. Nov. 16, 2016) Doc. No. 30 (consent decree where the Court found New Jersey's complete ban on electric arms is unconstitutional), ( "Pursuant to the holdings in *Heller, McDonald and Caetano,* N.J. Stat. Ann . § 2C:39- 3(h), to the extent this statute outright prohibits,under criminal penalty, individuals from possessing electronic arms, is declared unconstitutional in that it violates the Second Amendment to the United States CConstitution and shall not be enforced" );See,Crystal *Wright v.District of Columbia,* No. 1:16-cv-01556-JEB (D.D.C. Sept.26, 2016) Doc. No. 18 (stipulating to a stay of a motion for preliminary injunction pendingnew legislation and agreeing not to enforce ban against plaintiffs); *Ford v. City of New Orleans,* No. 2:16-cv16433-MVL-KWR (E.D. La. Dec.14,2016) Doc.Nos.17,19-20(stipulating that the city will not enforce the ban against plaintiff and consenting to a stay of litigation pending enactment of legislation that decriminalized possession of stun guns); *Hulbert v. Pantelides,* No. 1:16-cv-04121-JFM (D.Md.March 3, 2017) Doc. No. 16 (letter from the City of Annapolis informing the court that the City Council passed an emergency ordinance eliminating all restrictions on ownership and possession of electronic weapons for personal defense); *Ramirez v. Commonwealth*

No. SJC-12340, 2018 Mass. LEXIS 237 (Apr. 17, 2018) (striking Mass. ban on stun guns). See

*Avitabile* v. Beach, 2019 U.S. Dist. LEXIS 47506, _____ F.Supp.3d _, 2019 WL 1302858, striking

New York State's ban on electric arms. See *People* v. *Walker,* 2019 Ill. LEXIS 329, 2019 WL

1307950 striking Illinois's ban on taser ownership and carry.

19. In *Maloney* v. *Singas,* 351 F. Supp. 3d 222 (S.D.N.Y. 2018), the United States

District Court for the Southern District of New York struck the State of New York's ban on

nunchucks as a violation of the Second Amendment. It found nunchucks are protected by the

Second Amendment because they are bearable arms that are typically used for lawful purposes. It

then struck New York's ban because the State did not have an important government interest in

banning these protected arms.

20. In upholding a criminal conviction for possession of a switchblade, the New

Mexico Court of Appeals found that knives are protected by the Second Amendment and upheld

that specific ban applying intermediate scrutiny. See State v. Murillo, 347 P.3d 284 (2015).

21. In *State* v. *Deciccio,* 105 A.3d 165 (Conn. 2014), the Connecticut Supreme Court
overturned the conviction for transport of a dirk knife and a baton as a violation of the litigants
Second Amendment rights. In doing so the Court found that dirk knives and batons are protected
by the Second Amendment because they are weapons with traditional military utility that are
"typically possessed by law-abiding citizens for lawful purposes"; Id. at 625; and not "dangerous and
unusual weapons." (Internal quotation marks omitted.) Id., 627. It then applied intermediate
scrutiny and held the conviction unconstitutional.

22. The California Appeals Court has found that knives are protected by the Second
Amendment. In *People* v. *Mitchell,* 209 Cal. App. 4th 1364 (2012), the court held   "the dirk or
dagger concealed carrying restriction does not entirely prohibit the carrying of a sharp instrument
for self-defense; rather, it limits the manner of exercising that right by proscribing concealed
carrying of a dirk or dagger unless the bearer uses a visible knife sheath or non-switchblade folding
or pocketknife. Because the statute regulates but does not completely ban the carrying of a sharp
instrument, we subject it to intermediate scrutiny." *Id.* at 1374. Here, since Hawaii completely bans
butterfly knives, *Mitchell* supports the position that Hawaii's ban on butterfly knives is
unconstitutional.

23. In *State v. Montalvo*, 162 A.3d 270 (2017), the New Jersey Supreme Court overturned the conviction for possession of a machete. In doing so, the Court found that machete-type knives are protected by the Second Amendment and that a conviction for their possession in the home was unconstitutional.

24. In *State v. Herrmann, 2015* WI App 97, the Wisconsin Court of Appeals overturned appellant's the conviction for possession of a switchblade was unconstitutional. In doing so, the court found that switchblades are protected by the Second Amendment and that Wisconsin's complete ban on their possession was unconstitutional.

25. In *State v. Delgado*, 692 P.2d 610 (1984), the Oregon Supreme Court found that Oregon's ban on the possession of switchblades violated the Oregon Constitution's right to arms.

26. Many other state courts have likewise concluded that the right to keep and bear arms found within their state constitutions extends beyond handguns. See State v Griffin, 2011 WL 2083893, *7 n62, 2011 Del Super LEXIS 193, *26 n62 (Del Super Ct, May 16, 2011) (holding that the "right to keep and bear arms" under the Delaware Constitution extends to knives, and concluding that the Second Amendment right does the same); *City of Akron v Rasdan*, 663 NE2d 947 (Ohio Ct. App., 1995) (concluding that the "right to keep and bear arms" under the Ohio Constitution extends to knives); State v *Blocker*, 630 P2d 824 (1981) (same as to billy clubs), citing *State v Kessler*, 614 P2d 94 (1980); *also Barnett* v State, 695 P2d 991 (Ct App, 1985) (same as to blackjacks).

27. Plaintiff is bringing an as-applied and facial challenge to the applicable California laws which prevent them from Carrying a concealed weapon in public for the use of lawful self defense.

28. Plaintiff   will seek an injunction preventing enforcement of the applicable California laws as applied to themselves and for declaratory relief.

29. Additionally, Plaintiffs seek an injunction preventing enforcement of the applicable

California laws as to all other law-abiding citizens.

**b. Concealed Carry of firearms is Protected by the Second Amendment**

30. In *Heller*, the Court ruled that the "Second Amendment extends prima facie, to all

instruments that constitute bearable arms, even those that were not in existence at the time of

founding." *Heller*, 128 S. Ct. at 2817. In orde to strike down the ban on hand guns it ruled a

complete ban on a protected arm cannot withstand any level of scrutiny. *Id.*

31. Thus, while "dangerous and unusual weapons" may likely be regulated,  "the sorts

of weapons protected [a]re tose 'in common use at this time.' " Id. at 627

32. There are more knives owned in the United States for lawful purposes such as self-defense

than there are handguns in the United States. Thus, knives are just as much in common use as

handguns.

c. Plaintiff David Phillip Vallejos

33. Plaintiff Vallejos desires to Carry a concealed Firearm in public   for self-defense and other
lawful
purposes in his home,business, whilst traveling between these locations and in all other locations.

34.  Plaintiff Vallejos is forced to risk arrest for carrying a concealed firearm in public due to the
restrictions placed by defendants.

35. Plaintiff Vallejos is a low voltage electrician and an apprentice farmer with Norco EAT program

36.     Plaintiff Vallejos has no history of violence

37.     Plaintiff Vallejos has never been convicted of a crime that would
d'isqualify him from firearm ownership or carrying concealed weapons

14

38. Plaintiff   Vallejos has never been diagnosed with a mental disorder that would

disqualify him from firearms ownership under California or federal law.

39.       Plaintiff Vallejos does not take illegal drugs or abuse alcohol.

40.       Plaintiff Vallejos desires to carry a concealed firearm for legal self defense. However,

Plaintiff fears prosecution for carrying a concealed weapon in public.

41. But for California law, Plaintiff Vallejos would acquire, possess, carry and where

appropriate use of a concealed   firearm to protect himself, his home,his family and business.

42. Plaintiff Vallejos desires to purchase carry a concealed weapon for self-defense and other
lawful purposes in his home, business, whilst traveling between these locations and in all other locations.

.

## FIRST CAUSE OF ACTION
### U.S.CONST.,AMEND. II & VIII, 42 U.S.C. § 1983
### (AGAINST ALL DEFENDANTS)

43. Plaintiffs repeat and re-plead the preceding paragraphs, inclusive, and incorporates

the same herein by reference.

44. Defendants prohibit Plaintiffs from possessing, carrying and using a

defensive arm in common use, ie., concealed firearm. As such it violates Plaintiffs' Second

Amendment rights.

45. Defendants' laws, customs, practices and policies generally banning the

possession, carrying and use of concealed weapons violates the Second Amendment to

the United States Constitution,facially and as applied against the Plaintiffs in this action, damaging Plaintiffs

in violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to preliminary and

permanent injunctive relief against such laws,customs,policies,and practices.

## SECOND CAUSE OF ACTION
### DECLARATORY JUDGMENT
### (AGAINST ALL DEFENDANTS)

46. Plaintiffs repeat and re-plead the preceding paragraphs, inclusive, and incorporate

the same herein by reference.

47. The Declaratory Judgment Act provides: "In a case of actual controversy within its

jurisdiction, any court of the United States may declare the rights and other legal relations of any

interested party seeking such declaration, whether or not further relief is or could be sought." 28

U.S.C. 2201(a).

48. Absent a declaratory judgment, there is a substantial likelihood that Plaintiffs will

suffer irreparable injury in the future.

49. There is an actual controversy between the parties of sufficient immediacy and

reality to warrant issuance of a declaratory judgment.

50      This Court possesses an independent basis for jurisdiction over the
parties.

51      A judgment declaring that the State of California's restriction on
carrying a concealed weapon in public and the Carry Conceal Weapon
Permit process and costs are burdensome violates the Second Amendment
will serve a useful purpose in clarifying and settling the legal relations at
issue and will terminate and afford relief from the uncertainty, insecurity,
and controversy giving rise to the proceeding.

52. Defendants' laws, customs, practices and policies generally banning the

possession, carrying and use of Concealed Weapons in public violates the Second Amendment to

receive actual notice of the injunction, from enforcing

possession, carrying or use of Concealed Weapons as applied to Plaintiffs and additionally against

other similarly situated law abiding persons;

2. An order declaring that California Penal Code § 25400 and SB2 unconstitutional and violative of the

Second Amendment to the United States Constitution as applied to Plaintiffs and to all other law-

abiding citizens;

.

similarly situated law abiding persons;

2. An order declaring that California Penal Code § 25400 and SB2 unconstitutional and violative of the

Second Amendment to the United States Constitution as applied to Plaintiffs and to all other law-

abiding citizens;

3. Costs of suit, including attorney fees and costs pursuant to 42 U.S.C.  § 1988;

4. Such other Declaratory relief consistent with the injunction as appropriate;and

5. Such other further relief as the Court deems just and appropriate.

Dated: February 03, 2025.

Respectfully submitted,

**DAVID PHILLIP VALLEJOS**

In pro se DAVID PHILLIP VALLEJOS
Counsel for Plaintiff

David Phillip Vallejos

4994 Shadydale LN
Corona, CA 92878
(714)609-9982
soundinstaller441@gmail.com

20