**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
 E-Mail: Tony.Sain@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
 E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant,
CHAD BIANCO, in his Official Capacity
as the Riverside County Sheriff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PHILLIPS VALLEJOS,<br><br>  Plaintiff,<br><br>  vs.<br><br>ROB BONTA, in his official capacity as the Attorney General of the State of California; and CHAD BIANCO, in his official capacity as the Riverside County Sheriff,<br><br>  Defendants. | Case No. 5:25-CV-00350-SPG-E<br>[*Hon. Sherilyn Peace Garnett, Dist. Judge; Hon. Charles F. Eick, M. Judge*]<br><br>**DEFENDANT CHAD BIANCO'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF: JURY TRIAL DEMANDED**<br><br>Action Filed: February 7, 2025 |

Defendant CHAD BIANCO ("Defendant") hereby answer Plaintiff's Complaint for Declaratory and Injunctive Relief (Dkt. 1; hereinafter referred to as the "Complaint") and Defendant hereby admits, denies, and alleges as follows:

## ANSWER TO COMPLAINT

1. Answering paragraph 1 of the Complaint, under the header "Parties": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations

1  contained therein – and Defendant denies all liability and/or wrongdoing.

2      2.    Answering paragraph 2 of the Complaint, under the header "Parties":
3  Defendant does not have sufficient knowledge, or information or belief, to enable
4  Defendant to answer the allegations contained within such paragraph, as stated, and
5  on those grounds deny generally and specifically each and every of the allegations
6  contained therein – and Defendant denies all liability and/or wrongdoing.

7      3.    Answering paragraph 3 of the Complaint, under the header "Parties":
8  Defendant does not have sufficient knowledge, or information or belief, to enable
9  Defendantto answer the allegations contained within such paragraph, as stated, and
10 on those grounds deny generally and specifically each and every of the allegations
11 contained therein – and Defendant denies all liability and/or wrongdoing.

12     4.    Answering paragraph 4 of the Complaint, under the header "Parties":
13 Defendant does not have sufficient knowledge, or information or belief, to enable
14 Defendant to answer the allegations contained within such paragraph, as stated, and
15 on those grounds deny generally and specifically each and every of the allegations
16 contained therein – and Defendant denies all liability and/or wrongdoing.

17     5.    Answering paragraph 5 of the Complaint, under the header "Jurisdiction
18 and Venue": Defendant does not have sufficient knowledge, or information or belief,
19 to enable Defendant to answer the allegations contained within such paragraph, as
20 stated, and on those grounds deny generally and specifically each and every of the
21 allegations contained therein – and Defendant denies all liability and/or wrongdoing.

22     6.    Answering paragraph 6 of the Complaint, under the header "Jurisdiction
23 and Venue": Defendant does not have sufficient knowledge, or information or belief,
24 to enable Defendantto answer the allegations contained within such paragraph, as
25 stated, and on those grounds deny generally and specifically each and every of the
26 allegations contained therein – and Defendant denies all liability and/or wrongdoing.

27     7.    Answering paragraph 7 of the Complaint, under the header "Statement
28 of Facts": Defendant admits that jurisdiction is conferred upon this Court by 28 U.S.C.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

§§ 1331. As to the remaining allegations in this paragraph, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

8. Answering paragraph 8 of the Complaint, under the header "Statement of Facts": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

9. Answering paragraph 9 of the Complaint, under the header "Statement of Facts": Defendant admits that venue is proper under 28 U.S.C. § 1391(b). As to the remaining allegations in this paragraph, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

10. Answering paragraph 10 of the Complaint, under the header "Statement of Facts": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

11. Answering paragraph 11 of the Complaint, under the header "Statement of Facts": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

12. Answering paragraph 12 of the Complaint, under the header "Statement

of Facts": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

13. Answering paragraph 13 of the Complaint, under the header "Statement of Facts": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

14. Answering paragraph 14 of the Complaint, under the header "Statement of Facts": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

15. Answering paragraph 15 of the Complaint, under the header "Statement of Facts": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

16. Answering paragraph 16 of the Complaint, under the header "Statement of Facts": Defendant admits that COUNTY OF RIVERSIDE owns, operates, manages, directs, and controls RIVERSIDE COUNTY SHERIFF'S DEPARTMENT. As to the remaining allegations in this paragraph, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

17. Answering paragraph 17 of the Complaint, under the header "Statement

1  of Facts": Defendant admits that Defendant CHAD BIANCO is the Sheriff-Coroner
2  of RIVERSIDE COUNTY. As to the remaining allegations in this paragraph,
3  Defendant does not have sufficient knowledge, or information or belief, to enable
4  Defendant to answer the allegations contained within such paragraph, as stated, and
5  on those grounds deny generally and specifically each and every of the allegations
6  contained therein – and Defendant denies all liability and/or wrongdoing.

7       18.    Answering paragraph 18 of the Complaint, under the header "Statement
8  of Facts": Defendant does not have sufficient knowledge, or information or belief, to
9  enable Defendant to answer the allegations contained within such paragraph, as
10 stated, and on those grounds deny generally and specifically each and every of the
11 allegations contained therein – and Defendant denies all liability and/or wrongdoing.

12      19.    Answering paragraph 19 of the Complaint, under the header "Statement
13 of Facts": Defendant does not have sufficient knowledge, or information or belief, to
14 enable Defendant to answer the allegations contained within such paragraph, as
15 stated, and on those grounds deny generally and specifically each and every of the
16 allegations contained therein – and Defendant denies all liability and/or wrongdoing.

17      20.    Answering paragraph 20 of the Complaint, under the header "Statement
18 of Facts": Defendant does not have sufficient knowledge, or information or belief, to
19 enable Defendant to answer the allegations contained within such paragraph, as
20 stated, and on those grounds deny generally and specifically each and every of the
21 allegations contained therein – and Defendant denies all liability and/or wrongdoing.

22      21.    Answering paragraph 21 of the Complaint, under the header "Statement
23 of Facts": Defendant does not have sufficient knowledge, or information or belief, to
24 enable Defendant to answer the allegations contained within such paragraph, as
25 stated, and on those grounds deny generally and specifically each and every of the
26 allegations contained therein – and Defendant denies all liability and/or wrongdoing.

27      22.    Answering paragraph 22 of the Complaint, under the header "Statement
28 of Facts": Defendant does not have sufficient knowledge, or information or belief, to

1  enable Defendant to answer the allegations contained within such paragraph, as
2  stated, and on those grounds deny generally and specifically each and every of the
3  allegations contained therein – and Defendant denies all liability and/or wrongdoing.
4      23.    Answering paragraph 23 of the Complaint, under the header "Statement
5  of Facts": Defendant does not have sufficient knowledge, or information or belief, to
6  enable Defendant to answer the allegations contained within such paragraph, as
7  stated, and on those grounds deny generally and specifically each and every of the
8  allegations contained therein – and Defendant denies all liability and/or wrongdoing.
9      24.    Answering paragraph 24 of the Complaint, under the header "Statement
10 of Facts": Defendant does not have sufficient knowledge, or information or belief, to
11 enable Defendant to answer the allegations contained within such paragraph, as
12 stated, and on those grounds deny generally and specifically each and every of the
13 allegations contained therein – and Defendant denies all liability and/or wrongdoing.
14     25.    Answering paragraph 25 of the Complaint, under the header "Statement
15 of Facts": Defendant does not have sufficient knowledge, or information or belief, to
16 enable Defendant to answer the allegations contained within such paragraph, as
17 stated, and on those grounds deny generally and specifically each and every of the
18 allegations contained therein – and Defendant denies all liability and/or wrongdoing.
19     26.    Answering paragraph 26 of the Complaint, under the header "Statement
20 of Facts": Defendant does not have sufficient knowledge, or information or belief, to
21 enable Defendant to answer the allegations contained within such paragraph, as
22 stated, and on those grounds deny generally and specifically each and every of the
23 allegations contained therein – and Defendant denies all liability and/or wrongdoing.
24     27.    Answering paragraph 27 of the Complaint, under the header "Statement
25 of Facts": Defendant does not have sufficient knowledge, or information or belief, to
26 enable Defendant to answer the allegations contained within such paragraph, as
27 stated, and on those grounds deny generally and specifically each and every of the
28 allegations contained therein – and Defendant denies all liability and/or wrongdoing.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

28. Answering paragraph 28 of the Complaint, under the header "Statement of Facts": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

29. Answering paragraph 29 of the Complaint, under the header "Statement of Facts": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

30. Answering paragraph 30 of the Complaint, under the header "Statement of Facts": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

31. Answering paragraph 31 of the Complaint, under the header "Statement of Facts": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

32. Answering paragraph 32 of the Complaint, under the header "Statement of Facts": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

33. Answering paragraph 33 of the Complaint, under the header "Statement of Facts": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as



stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

34. Answering paragraph 34 of the Complaint, under the header "Statement of Facts": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

35. Answering paragraph 35 of the Complaint, under the header "Statement of Facts": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

36. Answering paragraph 36 of the Complaint, under the header "Statement of Facts": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

37. Answering paragraph 37 of the Complaint, under the header "Statement of Facts": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

38. Answering paragraph 38 of the Complaint, under the header "Statement of Facts": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

39. Answering paragraph 39 of the Complaint, under the header "Statement

1  of Facts": Defendant does not have sufficient knowledge, or information or belief, to
2  enable Defendant to answer the allegations contained within such paragraph, as
3  stated, and on those grounds deny generally and specifically each and every of the
4  allegations contained therein – and Defendant denies all liability and/or wrongdoing.

5       40.    Answering paragraph 40 of the Complaint, under the header "Statement
6  of Facts": Defendant does not have sufficient knowledge, or information or belief, to
7  enable Defendant to answer the allegations contained within such paragraph, as
8  stated, and on those grounds deny generally and specifically each and every of the
9  allegations contained therein – and Defendant denies all liability and/or wrongdoing.

10      41.    Answering paragraph 41 of the Complaint, under the header "Statement
11 of Facts": Defendant does not have sufficient knowledge, or information or belief, to
12 enable Defendant to answer the allegations contained within such paragraph, as
13 stated, and on those grounds deny generally and specifically each and every of the
14 allegations contained therein – and Defendant denies all liability and/or wrongdoing.

15      42.    Answering paragraph 42 of the Complaint, under the header "Statement
16 of Facts": Defendant does not have sufficient knowledge, or information or belief, to
17 enable Defendant to answer the allegations contained within such paragraph, as
18 stated, and on those grounds deny generally and specifically each and every of the
19 allegations contained therein – and Defendant denies all liability and/or wrongdoing.

20      43.    Answering paragraph 43 of the Complaint, under the header "First Cause
21 of Action": Defendant objects to the Argumentative portions of this paragraph.
22 Defendant does not have sufficient knowledge, or information or belief, to enable
23 Defendant to answer the allegations contained within such paragraph, as stated, and
24 on those grounds deny generally and specifically each and every of the allegations
25 contained therein – and Defendant denies all liability and/or wrongdoing.

26      44.    Answering paragraph 44 of the Complaint, under the header "First Cause
27 of Action": Defendant does not have sufficient knowledge, or information or belief,
28 to enable Defendant to answer the allegations contained within such paragraph, as

stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

45. Answering paragraph 45 of the Complaint, under the header "First Cause of Action": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

46. Answering paragraph 46 of the Complaint, under the header "Second Cause of Action": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

47. Answering paragraph 47 of the Complaint, under the header "Second Cause of Action": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

48. Answering paragraph 48 of the Complaint, under the header "Second Cause of Action": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

49. Answering paragraph 49 of the Complaint, under the header "Second Cause of Action" and subparagraphs a-r: Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations

contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

50. Answering paragraph 50 of the Complaint, under the header "Second Cause of Action": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

51. Answering paragraph 51 of the Complaint, under the header "Second Cause of Action": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

52. Answering paragraph 52 of the Complaint, under the header "Second Cause of Action": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein – and Defendant denies all liability and/or wrongdoing.

## AFFIRMATIVE DEFENSES

1. As separate and affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State Claim, Statute of Limitations)

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff's Complaint also fails to state a claim against any Defendant in this action.

4. Plaintiff's claims are time-barred by the operative statutes of limitations (including, but not limited to, Cal. Code Civ. Proc. § 335.1).

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

5. Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate Plaintiff's injuries or damages, if there were any. Plaintiff failed to mitigate the damages, if any, which Plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiff failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries, and any failed to take reasonable precautions to reduce any injuries and damages.

### THIRD AFFIRMATIVE DEFENSE
### (Contributory and/or Comparative Liability)

6. Plaintiff's claims are barred or limited by Plaintiff's contributory/comparative negligence or other conduct, acts, or omissions, and to the extent any Plaintiff suffered any injury or damages, it was the result of Plaintiff's own negligent or deliberate actions or omissions.

7. Plaintiff's recovery is barred because any injury or damage suffered by Plaintiff was caused solely by reason of the Plaintiff's wrongful acts and conduct and the willful resistance to a peace officer in the discharge of their duties. The conduct

set forth in the Complaint, if and to the extent it occurred, was privileged and justified and done with a good faith believe that it was correct and no action may be taken against the answering Defendant on account of such conduct.

### FOURTH AFFIRMATIVE DEFENSE
### (Public Entity/Employee Immunity for Others' Torts)

8. Plaintiff's recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person. Cal. Gov. Code §§ 815 *et seq.*, 820.2 *et seq.*

9. The answering Defendant is informed and believe and thereon allege that if Plaintiff sustained any injury or damages, such injury or damages were solely caused or contributed to by the wrongful conduct of other entities or persons other than the answering Defendant. To the extent that Plaintiff's damages were so caused, any recovery by Plaintiff as against the answering Defendant should be subject to proportionately comparative equitable indemnity/contribution from such third parties.

### FIFTH AFFIRMATIVE DEFENSE
### (Public Entity/Employee Immunity for Discretionary Acts)

10. There is no liability for any injury or damages, if there were any, resulting from an exercise of discretion vested in a public employee, whether or not such discretion as abused. Cal. Gov. Code §§ 815.2, 820.2, 820.4, 820.8, *et seq.*

11. Plaintiff's recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

12. A public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by their issuance, denial, suspension or revocation or by their failure or refusal to issue, deny, suspend, or revoke, any permit, license, certificate, approval, order, or similar authorization, where they are authorized by enactment to determine whether or not such authorization should be

issued, denied, suspended, or revoked, pursuant to Cal. Gov. Code §§ 818.2, 818.4, 818.8, 821, and 821.2. Based thereon, answering Defendant is immune from liability for any injuries claimed by Plaintiff, herein.

13. The answering Defendant is immune for any detriment resulting from any of its actions or omissions at the time of the incident of which Plaintiff complains pursuant to Cal. Gov. Code §§ 810 *et seq.*, 815 *et seq.*, 820 *et seq.*, and 845 *et seq.*, including, but not limited to, Cal Gov. Code §§ 810, 810.2, 810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and Cal. Gov. Code §§ 854, *et seq.*, including, but not limited to, §§ 845.6, 854.6, 854.8(a)(2), and §§ 855.4, 855.6, 855.8, and 856.4.

## **SIXTH AFFIRMATIVE DEFENSE**
### **(Public Entity Immunity)**

14. To the extent that the Complaint attempts to predicate liability upon the County or any employees thereof for purported negligent in retention, hiring, employment, training, or supervision of any public employee, such liability is barred by Cal. Gov. Code §§ 815.2 and 820.2 and *Herndon v. Cnty. of Marin*, 25 Cal. App. 3d 933, 935, 936 (1972), *rev'd on other grounds by Sullivan v. Cnty. of Los Angeles*, 12 Cal. 3d 710 (1974); and by lack of any duty running to any Plaintiff; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to the proximate or legal cause of any injury alleged in the Complaint. *See de Villers v. Cnty. of San Diego*, 156 Cal. App. 4th 238, 251-253, 255-56 (2007).

15. The Defendant may not be held liable on a *respondeat superior* theory for any negligent or wrongful act or omission on the part of any subordinate. Cal. Gov. Code §§ 844.6, 845.6; Cal. Civ. Code § 2351; *Malloy v. Fong*¸ 37 Cal. 2d 356, 378-79 (1951); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 645-46 (9th Cir. 1991); *cf. City of Canton v. Harris*, 489

U.S. 378, 388-89 (1989); *City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

## SEVENTH AFFIRMATIVE DEFENSE
### (Qualified Immunity & Good Faith Immunity)

16. The County and its agents or officers at all times relevant to this action acted reasonably and prudently under the circumstances. Defendant therefore asserts any individual Defendants' (that have been or may be named by Plaintiff) qualified immunity from liability to the fullest extent applicable.

17. Defendants are immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate. Defendants are immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that their acts and conduct were appropriate. Defendants are immune from liability under the Federal Civil Rights Act because their conduct did not violate clearly established rights. Defendants are also immune from liability under the doctrine of Qualified Immunity.

18. At all relevant times, the County and its agents or officers acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982); Cal Gov. Code §§ 815.2, 820.2.

## NINTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

19. At the time and place referred to in the Complaint, and before such event, Plaintiff knew, appreciated, and understood each and every risk involved in placing themselves in the position which Plaintiff then assumed, and willingly, knowingly, and voluntarily assumed each of such risk, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of rights, and/or death.

## TENTH AFFIRMATIVE DEFENSE

### (Declaratory Relief is Not Necessary or Proper)

20. The declaratory relief requested by Plaintiff is neither necessary nor proper under the circumstances, because the Complaint is couched in vague and conclusory terms.

## RESERVATION OF AFFIRMATIVE DEFENSES

21. Because the Complaint is couched in vague and conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendant hereby reserves the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/ or to withdraw affirmative defenses as may be appropriate. The assertion of any of the foregoing is not intended and shall not be construed as any stipulation regarding any shifting of the burden of proof to any Defendant regarding any plaintiff's claims, or elements thereof.

///
///
///

## PRAYER FOR RELIEF

WHEREFORE, the answering Defendant prays as follows:

1. That the Complaint be dismissed, with prejudice, and in its entirety;

2. That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded attorneys' fees and costs of this suit and costs of proof; and

4. That Defendant be awarded such other relief as the Court deems just.

DATED: March 11, 2025        LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  */s/ Abigail J.R. McLaughlin*
  TONY M. SAIN
  ABIGAIL J.R. McLAUGHLIN
Attorneys for Defendant,
CHAD BIANCO, in his Official Capacity as the Riverside County Sheriff

# JURY DEMAND

Defendant demands a trial by jury as to each issue triable by jury.

DATED: March 11, 2025          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____/s/ Abigail J.R. McLaughlin_____
TONY M. SAIN
ABIGAIL J.R. McLAUGHLIN
Attorneys for Defendant,
CHAD BIANCO, in his Official Capacity as the Riverside County Sheriff

**FEDERAL COURT PROOF OF SERVICE**
Vallejos v. Bonta, et al.
5:25-CV-00350

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On March 11, 2025, I served the following document(s): DEFENDANT CHAD BIANCO'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; JURY TRIAL DEMANDED

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

David Phillip Vallejos
*Pro Se* Plaintiff
4994 Shadydale Lane
Corona, CA 92878
Tel: (714) 609-9982
soundinstaller441@gmail.com

The documents were served by the following means:

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 11, 2025, at Los Angeles, California.

/s/ Abigail J. R. McLaughlin
Abigail J. R. McLaughlin

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

154097908.1

1

DEFT. BIANCO'S ANSWER TO PLTF.'S COMPLAINT; JURY DEMAND