1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
2    E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
3    E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
4    E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
5  Los Angeles, California 90071
Telephone: 213.250.1800
6  Facsimile: 213.250.7900

7  Attorneys for Defendant,
CHAD BIANCO, in his Official Capacity
8  as the Riverside County Sheriff

9                      UNITED STATES DISTRICT COURT

10                    CENTRAL DISTRICT OF CALIFORNIA

11

12

13  DAVID PHILLIP VALLEJOS,                Case No. 5:25-CV-00350-SPG-E
                                           [*Hon. Sherilyn Peace Garnett, Dist.*
           Plaintiff,                      *Judge; Hon. Charles F. Eick, M. Judge*]

14

15        vs.

                                           **DEFENDANT SHERIFF CHAD**
16  ROB BONTA, in his Official Capacity    **BIANCO'S EX PARTE**
as the Attorney General of the State of    **APPLICATION TO CONTINUE**
17  California, and CHAD BIANCO, in his    **HEARING ON PLAINTIFF'S**
Official Capacity as the Riverside         **MOTION FOR PRELIMINARY**
County Sheriff,                            **INJUNCTION FROM APRIL 2, 2025**
18                                         **TO APRIL 30, 2025 AND RELATED**
           Defendants.                     **DEADLINES DUE TO LACK OF**
19                                         **NOTICE**

20

21                                         *Filed Concurrently with Declaration of*
                                           *Abigail J.R. McLaughlin; [Proposed]*
                                           *Order*
22
                                           Action Filed: February 7. 2025
23

24  **TO THE HON. COURT, PLAINTIFFS, AND COUNSEL OF RECORD:**

25        Defendant CHAD BIANCO, in his Official Capacity as the Riverside County

26  Sheriff ("Sheriff Bianco") respectfully requests that this Court continue the hearing

27  on Plaintiff's Motion for Preliminary Injunction and related deadlines by a period of

28  approximately four (4) weeks so that Sheriff Bianco may prepare an appropriate

154100871.1                              1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Opposition to Plaintiff's Motion for Preliminary Injunction ("Motion") that

2  appropriately addresses all issues within such Motion.

3       Of note, this Ex Parte Application is Sheriff Bianco's <u>first</u> appearance in this

4  matter[1], and, thus, Sheriff Bianco was <u>not</u> receiving any notifications regarding the

5  docket in this matter, including the Court's March 3, 2025 Scheduling Notice and

6  Order setting the hearing on the Motion on April 2, 2025 with a deadline for

7  defendants' opposition on March 12, 2025 and Plaintiff's reply, if any, on March 19,

8  2025.  [McLaughlin Decl. at ¶¶6-7; *see also* Dkt. 17.]

9       Rather, on March 11, 2025, Sheriff Bianco's counsel checked the docket in this

10  matter to determine what had occurred in the subject litigation thus far and discovered

11  the Court's March 3, 2025 Scheduling Notice and Order requiring an Opposition to

12  the Motion by the next day, March 12, 2025.  [McLaughlin Decl. at ¶8.]  As Sheriff

13  Bianco's counsel has not had the opportunity to review the relevant documents in this

14  matter in order to prepare an appropriate Opposition to Plaintiff's Motion for

15  Judgment, especially within an approximately twenty-four (24) hour timeframe,

16  Sheriff Bianco's counsel immediately contacted Plaintiff (acting *pro so*) via telephone

17  regarding an agreement to extension of time.  [*Id.* at ¶2.]  Plaintiff stated on this call

18  that he would not agree to any kind of extension and confirmed the same via e-mail.

19  [*Id.*, ¶¶2-3, Exh. A.]

20       Thus, pursuant to United States District Court, Central District of California

21  Local Rules 7-12, 7-13, 7-19, and 7-19.1 as well as the applicable Orders of this Court,

22  Sheriff Bianco hereby moves, *ex parte* for an entry of an Order of the Court as follows:

23       (1)    Continuing the hearing on Plaintiff's Motion for Preliminary Injunction

24              from April 2, 2025 to April 30, 2025;

25       (2)    Continuing the deadline for defendants' opposition to Plaintiff's Motion

26              for Preliminary Injunction to April 9, 2025; and

27

28    [1]    Sheriff Bianco is also filing concurrently his Answer to Plaintiff's Complaint.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

154100871.1

2

DEFT. SHERIFF BIANCO'S EX PARTE APP. TO CONT. HRG. ON PLTF.'S MTN. FOR PRELIM. INJUNCTION

1    (3)    Continue the deadline for Plaintiff's reply, if any, in support of Plaintiff's

2            Motion for Preliminary Injunction to April 16, 2025.

3    Sheriff Bianco's *ex parte* application is based on the following grounds:

4    1.    On or about February 14, 2025, an authorized individual at the County

5    of Riverside was served via substitute service on behalf of Sheriff Bianco with

6    Plaintiff's Complaint and Plaintiff's Motion for Preliminary Injunction, which lacked

7    a hearing date, in this matter.  [Dkt. 16.]

8    2.    However, due to County of Riverside procedures, the Riverside County

9    Sheriff's Professional Standards Bureau did not receive the Complaint and Plaintiff's

10   Motion until February 25, 2025.  [McLaughlin Decl., ¶4, Exh. B.]

11   3.    On or about March 3, 2025, Sheriff Bianco officially retained LEWIS

12   BRISBOIS BISGAARD & SMITH LLP as his counsel regarding this matter.  [*Id.* at

13   ¶5.]

14   4.    As of the date of this *Ex Parte* Application, Sheriff Bianco (and, of note,

15   Defendant Rob Bonta, in his Official Capacity as Attorney General of the State of

16   California) has not made an appearance in this matter.  Rather, his first appearance in

17   this matter is the timely filing of his Answer [*see* Dkt. 16 (noting Answer due March

18   11, 2025)] on this same date: March 11, 2025.  [McLaughlin Decl., ¶6.]  Thus, **at no**

19   **point prior to March 11, 2025 was Sheriff Bianco receiving notifications about**

20   **this matter**.  [*Id.*]

21   5.    Accordingly, on March 3, 2025, when this Court issued its Scheduling

22   Notice and Order regarding Plaintiff's Motion, setting it for hearing on April 2, 2025

23   and, pursuant to Local Rules 7-9 and 7-10, scheduling defendants' Opposition to be

24   due on March 12, 2025 and Plaintiff's Reply, if any, to be due on March 19, 2025,

25   Sheriff Bianco was <u>not</u> notified.  [*Id.* at ¶7; Dkt. 17.]

26   6.    Rather, on March 11, 2025, when Sheriff Bianco's counsel was checking

27   the docket to ensure Sheriff Bianco's Answer would be timely filed, Sheriff Bianco's

28   counsel discovered **for the first time that defendants' Opposition to Plaintiff's**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFT. SHERIFF BIANCO'S EX PARTE APP. TO CONT. HRG. ON PLTF.'S MTN. FOR PRELIM. INJUNCTION

1    **Motion was due on March 12, 2025** – approximately twenty-four (24) hours later.

2    [McLaughlin Decl., ¶8.]

3         7.    As such was not enough notice for Sheriff Bianco to prepare an

4    appropriate Opposition, especially as his counsel is still gathering information on this

5    matter, Sheriff Bianco's counsel immediately contacted Plaintiff via telephone to

6    advise Plaintiff of the lack of notice and request that Plaintiff agree to an extension as

7    to defendants' Opposition deadline.  [*Id.*, ¶2.]  Plaintiff would not agree to an

8    extension.  [*Id.*]  Accordingly, Sheriff Bianco's counsel sent a follow-up e-mail

9    confirming that Sheriff Bianco would be filing this *Ex Parte* Application and Plaintiff

10    would be opposing the same.  [*Id.*, ¶3, Exh. A.]  Plaintiff confirmed his opposition to

11    this *Ex Parte* Application in writing.

12         8.    Sheriff Bianco has been diligently preparing his Answer and defense in

13    this matter.  However, the extent of Plaintiff's claims are both broad and unique, as

14    Plaintiff seeking a preliminary injunction which orders not only the County of

15    Riverside, but the entire State of California, to end its Concealed Carry Weapon

16    ("CCW") licensure process based on a violation of Plaintiff's Second Amended

17    rights. [*See generally* Dkt. 1, 7.]  Thus, as here, where Sheriff Bianco was not given

18    adequate notice of the briefing schedule and hearing date on Plaintiff's Motion,

19    Sheriff Bianco will suffer undue prejudice if the defendants' Opposition deadline

20    remains March 11, 2025.

21         9.    A short, four (4) week continuance would allow for Sheriff Bianco to

22    prepare and file an Opposition to Plaintiff's Motion.  Such short continuance will not

23    prejudice Plaintiff, as Plaintiff initiated this action approximately one month ago, on

24    February 7, 2025, and there is good cause for Plaintiff's Motion <u>and</u> Sheriff Bianco's

25    Opposition to be heard on their merits.

26         10.    Sheriff Bianco's *ex parte* application is based on this notice, the attached

27    memorandum of points and authorities, and declaration of Abigail J.R. McLaughlin

28    and any exhibits thereto; and all pleadings, papers, and records in this action.

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

DEFT. SHERIFF BIANCO'S EX PARTE APP. TO CONT. HRG. ON PLTF.'S MTN. FOR PRELIM. INJUNCTION

1    <u>NOTICE OF CONFERENCE OF COUNSEL PER LOCAL RULE</u>: As

2   discussed above, on March 11, 2025, Sheriff Bianco's counsel spoke with Plaintiff

3   regarding Sheriff Bianco's request for extension and Plaintiff stated he would not

4   agree to such extension.  [McLaughlin Decl., ¶2.]  Sheriff Bianco's counsel then

5   followed up with a confirming e-mail regarding this *Ex Parte* Application and

6   Plaintiff's opposition to the same.  [*Id.*, ¶3, Exh. A.]  Plaintiff then confirmed in

7   writing he will be opposing this *Ex Parte* Application.  [*See* Exh. A.]

8        <u>OPPOSING PARTY'S INFORMATION (*PRO SE*)</u>: The following

9   information is provided pursuant to C.D. Cal. L.R. 7-19.

10       Plaintiff is appearing *pro se* in this matter and his contact information is as

11  follows:

12  David Phillip Vallejos
    4994 Shadydale Lane
13  Corona, CA 92878
    Tel: (714) 609-9982
14  soundinstaller441@gmail.com

15
    DATED:  February 6, 2025        LEWIS BRISBOIS BISGAARD & SMITH LLP
16

17
                                    By:      */s/ Abigail J.R. McLaughlin*
18                                       _____
                                         TONY M. SAIN
19                                       ABIGAIL J. R. McLAUGHLIN
                                    Attorneys for Defendant,
20                                  CHAD BIANCO, in his Official Capacity
                                    as the Riverside County Sheriff
21

22

23

24

25

26

27

28

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ATTORNEYS AT LAW

154100871.1                              5

DEFT. SHERIFF BIANCO'S EX PARTE APP. TO CONT. HRG. ON PLTF.'S MTN. FOR PRELIM. INJUNCTION

1

## **TABLE OF CONTENTS**

2
**Page**

3    1.   INTRODUCTION & SUMMARY OF THE ARGUMENT. ........................... 1

4    2.   RELEVANT PROCEDURAL & FACTUAL HISTORY. ............................... 2

5    3.   THERE IS GOOD CAUSE FOR THIS COURT TO GRANT THE *EX PARTE* RELIEF REQUESTED BY DEFENDANT. ..................................... 4

6

7        A.   Ex Parte Relief is Warranted Because Sheriff Bianco is Unable to Meet the Current Opposition Deadline Despite Diligence. ................ 4

8        B.   Absent *Ex Parte* Relief, Sheriff Bianco Will Suffer Irreparable Prejudice. ................................................................................................. 6

9

10   4.   CONCLUSION .................................................................................................. 8

        C.   Plaintiff Will Not Be Prejudiced By Such Continuance. ........................ 7

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

154100871.1                                        i

DEFT. SHERIFF BIANCO'S EX PARTE APP. TO CONT. HRG. ON PLTF.'S MTN. FOR PRELIM. INJUNCTION

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION & SUMMARY OF THE ARGUMENT.

Defendant CHAD BIANCO, in his Official Capacity as the Riverside County Sheriff ("Sheriff Bianco") respectfully requests that this Court continue the hearing on Plaintiff's Motion for Preliminary Injunction ("Motion") and related deadlines by a period of approximately four (4) weeks so that Sheriff Bianco may prepare an appropriate Opposition to Plaintiff's because there is good cause for such continuance.

First, Sheriff Bianco is unable to file an Opposition by the current March 12, 2025 despite his diligence, because Sheriff Bianco was not notified regarding the deadline for his Opposition to Plaintiff's Motion until March 11, 2025.  Specifically, Sheriff Bianco had not made his appearance in this matter until the timely filing of his Answer on March 11, 2025 and this concurrently filed *Ex Parte* Application. Twenty-four (24) hours notice of an Opposition deadline is not enough where Plaintiff's Motion is requesting that this Court issue a preliminary injunction which orders the State of California (and County of Riverside) to "cease" with its Concealed Carry Weapon ("CCW") licensure program and adopt permitless carry.

Second, absent the requested relief, Sheriff Bianco will suffer irreparable prejudice.  Specifically, if Plaintiff's Motion is granted, then the California CCW licensure program will cease and permitless carry will be allowed throughout the State of California, which would result in not only public confusion, but also may cause risk to other individuals' safety.  Thus, it is appropriate and necessary for Sheriff Bianco to have the opportunity to fully Oppose Plaintiff's Motion and for the Court to consider all arguments – for and against – Plaintiff's request for preliminary injunction.

Third, Plaintiff will not be prejudiced by such continuance because Plaintiff's lawsuit has been pending approximately one (1) month and Sheriff Bianco is requesting an appropriate, limited four (4) week continuance.

DEFT. SHERIFF BIANCO'S EX PARTE APP. TO CONT. HRG. ON PLTF.'S MTN. FOR PRELIM. INJUNCTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**2.    RELEVANT PROCEDURAL & FACTUAL HISTORY.**

On or about February 14, 2025, an authorized individual at the County of Riverside was served via substitute service on behalf of Sheriff Bianco with Plaintiff's Complaint and Plaintiff's Motion for Preliminary Injunction, which lacked a hearing date, in this matter.  [Dkt. 16.]

However, due to County of Riverside procedures, the Riverside County Sheriff's Professional Standards Bureau did not receive the Complaint and Plaintiff's Motion until February 25, 2025.  [McLaughlin Decl., ¶4, Exh. B.]

On or about March 3, 2025, Sheriff Bianco officially retained LEWIS BRISBOIS BISGAARD & SMITH LLP as his counsel regarding this matter. [McLaughlin Decl., ¶5.]

As of the date of this *Ex Parte* Application, Sheriff Bianco (and, of note, Defendant Rob Bonta, in his Official Capacity as Attorney General of the State of California) has not made an appearance in this matter.  Rather, his first appearance in this matter is the timely filing of his Answer [*see* Dkt. 16 (noting Answer due March 11, 2025)] on this same date: March 11, 2025.  [McLaughlin Decl., ¶6.]  Thus, **at no point was Sheriff Bianco receiving notifications about this matter**.  [*Id.*]

Accordingly, on March 3, 2025, when this Court issued its Scheduling Notice and Order regarding Plaintiff's Motion, setting it for hearing on April 2, 2025 and, pursuant to Local Rules 7-9 and 7-10, scheduling defendants' Opposition to be due on March 12, 2025 and Plaintiff's Reply, if any, to be due on March 19, 2025[2], Sheriff Bianco was <u>not</u> notified.  [*Id.*, ¶7; Dkt. 17.]

---

[2]    Of note, on February 13, 2025, the Clerk filed a Notice of Clerical Error, which stated that this matter "falls under General Order 05-07, referral to a Magistrate for a report and recommendation. Therefore, the case has been randomly reassigned to Judge Sherilyn Peace Garnett and referred to Magistrate Judge Charles F. Eick to consider preliminary matters and conduct all further matters as appropriate."  [Dkt. 11.]  Thus, under Sheriff Bianco's understanding of General Order 05-07, Judge Eick was to handle all preliminary matters and conduct all further matters, including (footnote continued)

DEFT. SHERIFF BIANCO'S EX PARTE APP. TO CONT. HRG. ON PLTF.'S MTN. FOR PRELIM. INJUNCTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Rather, on March 11, 2025, at approximately 3:46 p.m., when Sheriff Bianco's

2 counsel was checking the docket to ensure Sheriff Bianco's Answer would be timely

3 filed, Sheriff Bianco's counsel discovered **for the first time that defendants'**

4 **Opposition to Plaintiff's Motion was due on March 12, 2025** – approximately

5 twenty-four (24) hours later. [McLaughlin Decl., ¶8.]

6    As such was not enough notice for Sheriff Bianco to prepare an appropriate

7 Opposition, especially as his counsel is still gathering information on this matter,

8 Sheriff Bianco's counsel immediately contacted Plaintiff via telephone to advise

9 Plaintiff of the lack of notice and request that Plaintiff agree to an extension as to

10 defendants' Opposition deadline.  [*Id.*, ¶2.]  Plaintiff would not agree to an extension.

11 [*Id.*]  Accordingly, Sheriff Bianco's counsel sent a follow-up e-mail confirming that

12 Sheriff Bianco would be filing this *Ex Parte* Application and Plaintiff would be

13 opposing the same.  [*Id.*, ¶3, Exh. A.]  Plaintiff confirmed his opposition to this *Ex*

14 *Parte* Application in writing.

15    Sheriff Bianco has been diligently preparing his Answer and defense in this

16 matter.  However, the extent of Plaintiff's claims are both broad and unique, as

17 Plaintiff seeking a preliminary injunction which orders not only the County of

18 Riverside, but the entire State of California, to end its Concealed Carry Weapon

19 ("CCW") licensure process based on a violation of Plaintiff's Second Amended

20 rights.  [*See generally* Dkt. 1, 7.]  Thus, as here, where Sheriff Bianco was not given

21 adequate notice of the briefing schedule and hearing date on Plaintiff's Motion,

22 Sheriff Bianco will suffer undue prejudice if the defendants' Opposition deadline

23 remains March 11, 2025 and, thus, respectfully requests an approximately four (4)

24 week continuance of the Motion hearing date and related deadlines.

25

26 _____

reviewing Plaintiff's Complaint for any deficiencies and handling Plaintiff's Motion.
27 *See* 28 U.S.C. § 636.  Thus, Judge Garnett's setting of the Motion hearing and related
briefing scheduled may have been in error.  [*See* Dkt. 17.]
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**3.    THERE IS GOOD CAUSE FOR THIS COURT TO GRANT THE *EX PARTE* RELIEF REQUESTED BY DEFENDANT.**

Relief on an ex parte basis is warranted in this matter because a regularly noticed motion for the requested relief cannot be heard before the deadline sought to be extended.  *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  Specifically, the deadline for defendants' Opposition to Plaintiff's Motion is March 12, 2025 and Sheriff Bianco did not have notice of such deadline until March 11, 2025, at which time he immediately started preparing this *Ex Parte* Application to request the necessary relief.  [*See* Dkt. 17.]

"[D]istrict judges have broad discretion ... to control the course of litigation under Federal Rule of Civil Procedure 16."  *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011).  In general, a schedule can only be modified "upon a showing of good cause."  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)); *accord* Fed. R. Civ. P. 16(b)(4).

"The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension,' " but "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."  *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609).  "Although the existence or degree of prejudice to the party opposing the modification *might* supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Johnson*, 975 F.2d at 609 (emphasis added).

**A.    Ex Parte Relief is Warranted Because Sheriff Bianco is Unable to Meet the Current Opposition Deadline Despite Diligence.**

As discussed above, Sheriff Bianco has acted diligently regarding this matter. After service of the Complaint, Sheriff Bianco worked to retain counsel, who were officially retained on or about March 3, 2025.  Sheriff Bianco then worked diligently

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  to ensure timely filing of his Answer to Plaintiff's Complaint in this matter, which is

2  Sheriff Bianco's **first** appearance in this matter and, therefore, Sheriff Bianco was not

3  receiving *any* notifications regarding this litigation, including the Court's Scheduling

4  Notice and Order regarding Plaintiff's Motion in this matter.  Thus, Sheriff Bianco

5  was not on notice until March 11, 2025 regarding the March 12, 2025 deadline for

6  filing an Opposition to Plaintiff's Motion.[3]

7       Upon discovering the Court's Scheduling Notice and Order, Sheriff Bianco

8  worked diligently to resolve the issue: immediately contacting Plaintiff to see if an

9  agreement could be reached.  Unfortunately, because Plaintiff was not willing to agree

10 to a continuance of the hearing on Plaintiff's Motion or the deadline for any

11 Opposition thereto, Sheriff Bianco then immediately began preparing the subject *Ex*

12 *Parte* Application.

13      Courts have found an extension of time to oppose a motion for preliminary

14 injunction to be appropriate to ensure such is resolved on the merits.  *See, e.g.*, *Sliding*

15 *Door Co. v. Glass Door Co., Inc.*, 2023 WL 5667536, at *1 (C.D. Cal. May 19, 2023)

16 (granting *ex parte* application for extension to respond to motion for preliminary

17 injunction); *Monster Energy Co. v. Vital Pharms., Inc.*, 2019 U.S. Dist. LEXIS

18 234512, at *4 (C.D. Cal. Apr. 18, 2019) (finding good cause to grant five-week

19 continuance of preliminary injunction hearing to provide Defendants with sufficient

20 time to prepare an adequate opposition).

21      Twenty-four (24) hours notice is not enough time to Oppose Plaintiff's Motion,

22 especially where Plaintiff is requesting that this Court enter a preliminary injunction

23

24 ───────────────
   [3]      While Sheriff Bianco's counsel checked the docket upon receipt of the
25 Complaint and undated Motion, such was prior to the Court's Scheduling Notice and
   Order. [McLaughlin Decl., ¶9.]  Moreover, due to the Clerk's Notice of Clerical
26 Error, it was Sheriff Bianco's counsel understanding Judge Eick was to handle all
   preliminary matters and conduct all further matters, including first reviewing
27 Plaintiff's Complaint for any deficiencies due to Plaintiff's *pro se* status.  [*Id.*]
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  which orders the State of California (and County of Riverside) to "cease" with its

2  CCW licensure program "and adopt permitless carry." [Dkt. 7 at p. 24.] Moreover,

3  Plaintiff asks the Court to advance trial on the merits in this matter and *consolidate* it

4  with the Motion hearing. [*Id.* at pp. 23-24.] Thus, Sheriff Bianco is unable to address

5  Plaintiff's overarching request that an entire administrative licensure program cease

6  and participate in a trial on the merits in this matter fully when only provided twenty-

7  four (24) hours notice of his deadline for an Opposition to the Motion. Due to the

8  extent of the Motion, Sheriff Bianco needs additional time to analyze Plaintiff's

9  allegations and respond appropriately thereto and this Court should grant Sheriff

10  Bianco's reasonable request for a four (4) week continuance of the hearing and the

11  associated briefing deadlines.

12  **B.     Absent *Ex Parte* Relief, Sheriff Bianco Will Suffer Irreparable**

13  **Prejudice.**

14  Additionally, absent emergency relief, Sheriff Bianco will suffer irreparable

15  prejudice, because he will be unable to oppose Plaintiff's overarching Motion, which

16  will in turn effect more than just Plaintiff, but individuals throughout the State of

17  California.

18  Specifically, based on Sheriff Bianco's initial analysis of Plaintiff's allegations

19  and Motion, Plaintiff is actually asking for a mandatory injunction because he is

20  asking the Court to issue an Order requiring Defendants to act as the non-moving

21  parties. *J.L. Boyd v. Luna*, 2024 WL 4799125, at *2 ("Where as here, the movant

22  seeks not to maintain the status quo pending a determination of the action on the

23  merits, but instead an order requiring the nonmoving party to act, the movant seeks a

24  mandatory injunction.") (internal citations omitted). Such injunctions "go[] well

25  beyond simply maintaining the status quo" and are accordingly "particularly

26  disfavored." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). In the Ninth

27  Circuit, mandatory preliminary injunctions are subject to "heightened scrutiny and

28  should not be issued unless the facts and law clearly favor the moving party." *Dahl*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    *v. HEM Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).  A plaintiff must show that "extreme

2    or very serious damage" will occur unless the Court grants their requested injunction

3    *Id.* (citation omitted).  "In plain terms, mandatory injunctions should not issue in

4    doubtful cases."  *Garcia*, 786 F.3d at 740 (internal quotation marks and citation

5    omitted).  Here, not only does it appear that Plaintiff will not endure extreme or very

6    serious damage without the requested injunction, but also such injunction does not

7    appear to be in the public interest.  *See Winter v. Ntural Res. Def. Council*, 555 U.S.

8    7, 24 (2008).  If Plaintiff's Motion is granted, then the California CCW licensure

9    program will cease and permitless carry will be allowed throughout the State of

10   California, which would result in not only public confusion, but also may cause risk

11   to other individuals' safety.

12         Accordingly, due to the extent of Plaintiff's requested preliminary injunction

13   and in light of the heightened scrutiny to the same, Sheriff Bianco will suffer

14   irreparable prejudice if not afforded the opportunity to fully oppose Plaintiff's

15   Motion, especially as, in evaluating a motion for preliminary injunction, the Court is

16   permitted to consider the parties' pleadings, declarations, affidavits, and exhibits

17   submitted in support of *and in opposition to* the motion.  *See Republic of the*

18   *Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988).  Thus, Sheriff Bianco

19   (and any other Defendant) should be afforded the opportunity to present their

20   Opposition to Plaintiff's Motion so that the Court can fully and appropriately assess

21   the merits of Plaintiff's Motion.

22         **C.    Plaintiff Will Not Be Prejudiced By Such Continuance.**

23         "Although the existence or degree of prejudice to the party opposing the

24   modification might supply additional reasons to deny a motion, the focus of the

25   inquiry is upon the moving party's reasons for seeking modification."  *Johnson*, 975

26   F.2d at 609.

27         As discussed above, Sheriff Bianco's reasons for seeking a continuance in this

28   matter is so that he can ensure that he can file a meaningful and appropriate

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

154100871.1                                    7
DEFT. SHERIFF BIANCO'S EX PARTE APP. TO CONT. HRG. ON PLTF.'S MTN. FOR PRELIM. INJUNCTION

1  Opposition to Plaintiff's Motion.  The requested continuance is short – four (4) weeks

2  – to allow for Sheriff Bianco to further assess Plaintiff's allegations and Plaintiff's

3  broad-sweeping request for preliminary injunction in this matter.  While Plaintiff may

4  not appreciate what he considers "further delay," Plaintiff's lawsuit has been pending

5  for approximately one (1) month and an additional month will not cause irreparable

6  harm to Plaintiff (in contrast to the irreparable harm to Sheriff Bianco if the

7  continuance is not granted).

8  **4.     CONCLUSION**

9         For the foregoing reasons, Sheriff Bianco respectfully requests that this Court

10 grant this *ex parte* application and issue an Order:

11        (1)    Continuing the hearing on Plaintiff's Motion for Preliminary Injunction

12               from April 2, 2025 to April 30, 2025;

13        (2)    Continuing the deadline for defendants' opposition to Plaintiff's Motion

14               for Preliminary Injunction to April 9, 2025;

15        (3)    Continue the deadline for Plaintiff's reply, if any, in support of Plaintiff's

16               Motion for Preliminary Injunction to April 16, 2025.

17

18 DATED:  February 6, 2025          LEWIS BRISBOIS BISGAARD & SMITH LLP

19

20

21                                   By:  ____*/s/ Abigail J.R. McLaughlin*____
                                          TONY M. SAIN
22                                        ABIGAIL J. R. McLAUGHLIN
                                     Attorneys for Defendant,
23                                   CHAD BIANCO, in his Official Capacity
                                     as the Riverside County Sheriff
24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

154100871.1                                     8
DEFT. SHERIFF BIANCO'S EX PARTE APP. TO CONT. HRG. ON PLTF.'S MTN. FOR PRELIM. INJUNCTION

**FEDERAL COURT PROOF OF SERVICE**
Vallejos v. Bonta, et al.
5:25-CV-00350

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    On March 11, 2025, I served the following document(s): DEFENDANT SHERIFF CHAD BIANCO'S EX PARTE APPLICATION TO CONTINUE HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION FROM APRIL 2, 2025 TO APRIL 30, 2025 AND RELATED DEADLINES DUE TO LACK OF NOTICE; DECLARATION OF ABIGAIL J.R. McLAUGHLIN IN SUPPORT THEREOF AND EXHIBITS

    I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

David Phillip Vallejos
*Pro Se* Plaintiff
4994 Shadydale Lane
Corona, CA 92878
Tel: (714) 609-9982
soundinstaller441@gmail.com

    The documents were served by the following means:

☒    (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

    I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

    Executed on March 11, 2025, at Los Angeles, California.

                  /s/ Abigail J. R. McLaughlin
                  Abigail J. R. McLaughlin

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

154100871.1

9

DEFT. SHERIFF BIANCO'S EX PARTE APP. TO CONT. HRG. ON PLTF.'S MTN. FOR PRELIM. INJUNCTION