**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
  E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
  E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
  E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant,
CHAD BIANCO, in his Official Capacity
as the Riverside County Sheriff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PHILLIP VALLEJOS,<br><br>Plaintiff,<br><br>vs.<br><br>ROB BONTA, in his Official Capacity as the Attorney General of the State of California, and CHAD BIANCO, in his Official Capacity as the Riverside County Sheriff,<br><br>Defendants. | Case No. 5:25-CV-00350-SPG-E<br>[*Hon. Sherilyn Peace Garnett, Dist. Judge; Hon. Charles F. Eick, M. Judge*]<br><br>**DECLARATION OF ABIGAIL J. R. MCLAUGHLIN IN SUPPORT OF DEFENDANT SHERIFF CHAD BIANCO'S EX PARTE APPLICATION TO CONTINUE HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION FROM APRIL 2, 2025 TO APRIL 30, 2025 AND RELATED DEADLINES DUE TO LACK OF NOTICE**<br><br>*Filed Concurrently with Ex Parte Application; [Proposed] Order*<br><br>Action Filed: February 7, 2025 |

I, Abigail J. R. McLaughlin, declare as follows:

1. I am an attorney duly admitted to practice in all of the courts of the State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendant CHAD BIANCO, in his Official Capacity as the Riverside

County Sheriff ("Sheriff Bianco") herein. The facts set forth herein are of my own personal knowledge, unless otherwise stated that they are upon information and belief, and if sworn I could and would competently testify thereto.

2. **Notice of *Ex Parte* Application & Plaintiff's Opposition.** On March 11, 2025, I called Plaintiff DAVID VALLEJOS ("Plaintiff", proceeding *pro se*) regarding Sheriff Bianco's request to continue the hearing on Plaintiff's Motion for Preliminary Injunction ("Motion"). I explained to Plaintiff that Sheriff Bianco and I had not been notified regarding the Court's deadline for Oppositions to Plaintiff's Motion, as Sheriff Bianco had not yet appeared in this litigation, and I had been recently retained. Nonetheless, Plaintiff stated that he would not agree to any extension. I informed Plaintiff that we would then need to bring an emergency request for relief as to such continuance.

3. Immediately after that call, I sent a confirming e-mail to Plaintiff regarding this *Ex Parte* Application and Plaintiff's Opposition thereto. Plaintiff confirmed again that he would oppose any request for continuance as to the Motion. A true and correct copy of that e-mail correspondence is attached hereto as Exhibit "A".

4. **Sheriff Bianco's Diligence & Lack of Notification of Opposition Deadline.** Upon information and belief, due to County of Riverside procedures, the Riverside County Sheriff's Professional Standards Bureau did not receive the Plaintiff's Complaint and Plaintiff's Motion until February 25, 2025. A true and correct copy of the stamped document reflecting the Riverside County Sheriff's Professional Standards Bureau receipt of these documents is attached hereto as Exhibit "B".

5. On or about March 3, 2025, Sheriff Bianco officially retained LEWIS BRISBOIS BISGAARD & SMITH LLP as his counsel regarding this matter.

6. As of the date of this *Ex Parte* Application, Sheriff Bianco (and, of note, Defendant Rob Bonta, in his Official Capacity as Attorney General of the State of

1  California) has not made an appearance in this matter. Rather, his first appearance in
2  this matter is the timely filing of his Answer on this same date: March 11, 2025. Thus,
3  at no point prior to March 11, 2025 was Sheriff Bianco (or his counsel) receiving
4  notifications about this matter.

5      7.    Accordingly, on March 3, 2025, when this Court issued its Scheduling
6  Notice and Order regarding Plaintiff's Motion, setting it for hearing on April 2, 2025
7  and, pursuant to Local Rules 7-9 and 7-10, scheduling defendants' Opposition to be
8  due on March 12, 2025 and Plaintiff's Reply, if any, to be due on March 19, 2025,
9  Sheriff Bianco (and his counsel) was not notified.

10      8.    Rather, on March 11, 2025, I was checking the docket to ensure Sheriff
11  Bianco's Answer would be timely filed and discovered for the first time that
12  defendants' Opposition to Plaintiff's Motion was due on March 12, 2025 –
13  approximately twenty-four (24) hours later.

14      9.    While I had checked the docket prior to March 11, 2025, such was *before*
15  the Court issued its March 3, 2025 Scheduling Notice and Order regarding Plaintiff's
16  Motion. Additionally, due to the Clerk's Notice of Clerical Error [Dkt. 11,
17  incorporated herein by reference], it was my understanding that Judge Eick was to
18  handle all preliminary matters and conduct all further matters, including first
19  reviewing Plaintiff's Complaint for any deficiencies due to Plaintiff's *pro se* status.
20  Thus, as no hearing had been scheduled on Plaintiff's Motion and Plaintiff's
21  Complaint was under review, I did not believe there were any pending deadlines on
22  Plaintiff's Motion at that point in time.

23  I declare under penalty of perjury under the laws of the United States of
24  America that the foregoing is true and correct and that this declaration was executed
25  on this 11th day of March, 2025, at Los Angeles, California.

26

27                                          */s/ Abigail J.R. McLaughlin*
                                          Abigail J. R. McLaughlin, Esq.
28