ROB BONTA
Attorney General of California
JOHN D. ECHEVERRIA
Supervising Deputy Attorney General
JERRY T. YEN
Deputy Attorney General
State Bar No. 247988
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7836
  Fax: (916) 324-8835
  E-mail: Jerry.Yen@doj.ca.gov
*Attorneys for Defendant Rob Bonta, in his official
capacity as California Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID PHILLIP VALLEJOS,**<br><br>                                    Plaintiff,<br><br>**v.**<br><br>**ROB BONTA, in his official capacity as the Attorney General of the State of California; and CHAD BIANCO, in his official capacity as the Riverside County Sheriff,**<br><br>                                    Defendants. | Case No. 5:25-cv-00350<br><br>**DEFENDANT ROB BONTA'S NOTICE OF MOTION AND MOTION TO DISMISS; POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:        April 30, 2025<br>Time:        1:30 p.m.<br>Courtroom:  5C<br>Judge:       Hon. Sherilyn Peace Garnett |

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on April 30, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5C of the above-entitled Court located at 350 West 1st Street, Los Angeles, CA 90012, Defendant Rob Bonta, in his official capacity as California Attorney General, will, and hereby does, pursuant to Rules 12(b)(4) and 12(b)(6) of the Federal Rules of Civil Procedure, move this Court for an order dismissing this lawsuit against the Attorney General.

The Attorney General moves for dismissal on the grounds that Plaintiff failed to properly serve a signed and sealed summons and fails to state a claim upon which relief can be granted.  This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers in this action, and such other matters as may properly come before the Court.

This motion is made following a conference of counsel pursuant to Local Rule 7-3, which took place on March 14, 2025.  The parties discussed the substance and potential resolution of the filed motion by teleconference, but no resolution was reached.

Dated:  March 24, 2025                    Respectfully submitted,

ROB BONTA
Attorney General of California
JOHN D. ECHEVERRIA
Supervising Deputy Attorney General


*/s/ Jerry Yen*

JERRY T. YEN
Deputy Attorney General
*Attorneys for Defendant Rob Bonta, in his official capacity as California Attorney General*

# TABLE OF CONTENTS

**Page**

Introduction.................................................................................................. 1

Background.................................................................................................. 1

    I.    California's Regulations on Carrying Firearms in Public ................... 1

    II.    Plaintiff's Lawsuit ................................................................................ 2

Legal Standard ........................................................................................... 3

Argument .................................................................................................... 4

    I.    Plaintiff Failed to Properly Serve the Attorney General ..................... 5

    II.    Plaintiff Fails to State a Cognizable Second Amendment Claim ......... 6

        A.    Shall-Issue Licensing Regimes Are Constitutional Under
            *Bruen* .......................................................................................... 6

        B.    Plaintiff's Challenge to California's Concealed-Carry
            Licensing Regime Fails Under *Bruen*'s Text-And-History
            Standard ....................................................................................... 8

        C.    The Complaint Does Not Allege Any Facts to Support An
            As-Applied Challenge ................................................................ 12

    III.    The Complaint Should be Dismissed Without Leave to Amend......... 12

Conclusion ................................................................................................ 12

# TABLE OF AUTHORITIES

**Page**

C ASES

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ..................................................................... 4

*B&L Prods., Inc. v. Newsom*
104 F.4th 108 (9th Cir. 2024) ....................................................... 9

*Baird v. Bonta*
709 F. Supp. 3d 1091 (E.D. Ca. 2023) ...................................... 8, 11

*Brockmeyer v. May*
383 F.3d 798 (9th Cir. 2004) ...................................................... 3, 5

*Calvary Chapel Bible Fellowship v. County of Riverside*
948 F.3d 1172 (9th Cir. 2020) ...................................................... 12

*Cholla Ready Mix, Inc. v. Civish*
382 F.3d 969 (9th Cir. 2004) .......................................................... 4

*City of Los Angeles v. Patel*
576 U.S. 409 (2015) ........................................................................ 6

*Cranford v. United States*
359 F. Supp. 2d 981 (E.D. Cal. 2005) ............................................ 3

*Direct Mail Servs., Inc. v. Eclat Computerized Techs., Inc.*
840 F.2d 685 (9th Cir. 1988) .......................................................... 5

*District of Columbia. v. Heller*
554 U.S. 570 (2008) ................................................................ 4, 7, 8

*Dumas v. Kipp*
90 F.3d 386 (9th Cir. 1996) ........................................................... 12

*In re D.L.*
93 Cal. App. 5th 144 (Ct. App. 2023) ........................................... 11

*Jackson v. Hayakawa*
682 F.3d 1344 (9th Cir. 1982) ......................................................... 5

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Maryland Shall Issue, Inc. v. Moore*
  116 F.4th 211 (4th Cir. 2024)....................................................................8, 12

*Mid-Continent Wood Products, Inc. v. Harris*
  936 F.2d 297 (7th Cir. 1991).............................................................................3

*Moody v. NetChoice, LLC*
  603 U.S. 707 (2024) ...........................................................................................6

*NetChoice v. Bonta*
  __ F. Supp. 3d __, 2024 WL 5264045 (N.D. Cal. Dec. 31, 2024)......................6

*New v. Armour Pharm. Co.*
  67 F.3d 716 (9th Cir. 1995) ..............................................................................12

*New York State Rifle & Pistol Ass'n v. Bruen*
  597 U.S. 1 (2022) .......................................................................................*passim*

*Omni Cap. Int'l v. Rudolf Wolff & Co.*
  484 U.S. 97 (1987) ..............................................................................................5

*People v. Mosqueda*
  97 Cal. App. 5th 399 (Ct. App. 2023) .............................................................1, 8

*Reeder v. Knapik*
  2007 WL 1655812 (S.D. Cal. June 5, 2007) .......................................................3

*S.D. Myers, Inc. v. City & Cnty. of San Francisco*
  253 F.3d 461 (9th Cir. 2001) ..............................................................................4

*Suarez v. Paris*
  741 F. Supp. 2d 237 (M.D. Pa. 2024) ...............................................................11

*United States v. Libertad*
  681 F. Supp. 3d 102 (S.D.N.Y. 2023) .................................................................8

*United States v. Rahimi*
  602 U.S. 680 (2024) .....................................................................................6, 7, 9

*United States v. Salerno*
  481 U.S. 739 (1987) .......................................................................................4, 6

iii

# TABLE OF AUTHORITIES
## (continued)

Page

*Wash. State Grange v. Wash. State Republican Party*
  552 U.S. 442 (2008) .............................................................................. 6

*Zamani v. Carnes*
  491 F.3d 990 (9th Cir. 2007) .............................................................. 4

STATUTES

California Penal Code
  § 25505 .................................................................................................... 1
  § 25605 .................................................................................................... 1
  § 25850(a) ............................................................................................... 2
  § 26010 .................................................................................................... 2
  § 26035 .................................................................................................... 1
  § 26055 .................................................................................................... 1
  § 26150 .................................................................................................... 2
  § 26150(a) ..................................................................................... 2, 7, 8
  § 26150(b)(2) ......................................................................................... 2
  § 26155(a) ..................................................................................... 2, 7, 8
  § 26155(b)(2) ......................................................................................... 2
  § 26185(a) ............................................................................................... 2
  § 26202 .................................................................................................... 7

CONSTITUTIONAL PROVISIONS

Second Amendment ........................................................................ *passim*

COURT RULES

Federal Rule of Civil Procedure
  Rule 4 ...................................................................................................... 5
  Rule 12(b)(4) ................................................................................... 3, 4
  Rule 12(b)(6) ......................................................................................... 4

OTHER AUTHORITIES

Joseph Blocher, *Firearm Localism*, 123 Yale L.J. 82 (2013) .................... 10

iv

# TABLE OF AUTHORITIES
## (continued)

Page

Judge Karen L. Stevenson & James E. Fitzgerald, *Rutter Group
    Practice Guide: Federal Civil Procedure Before Trial* (Cal. & 9th
    Cir. ed. 2024) ................................................................................................. 3, 5

**INTRODUCTION**

Plaintiff's complaint should be dismissed for several reasons. As a threshold matter, Plaintiff failed to serve the California Attorney General with a sealed and signed summons issued by the court clerk. This is a substantial defect in the service of the summons, and the Court should dismiss this case against the Attorney General on that basis alone.

Moreover, Plaintiff's claim that California's concealed carry weapon (CCW) licensing laws violate the Second Amendment and that he is entitled to carry a concealed firearm in public without any CCW license fails as a matter of law. The Second Amendment does not protect an unqualified right to carry a weapon in public without a license. The Second Amendment "does not prohibit States from imposing licensing requirements for carrying a handgun for self-defense." *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 79 (2022) (Kavanaugh, J., concurring). In *Bruen*, the Supreme Court made clear that shall-issue licensing regimes, like California's, pass constitutional muster. *Id*. at 38 n.9 (majority opn.).

Accordingly, Plaintiff cannot state a cognizable Second Amendment claim upon which relief can be granted, and the Court should dismiss this action against the Attorney General without leave to amend.

**BACKGROUND**

**I.    CALIFORNIA'S REGULATIONS ON CARRYING FIREARMS IN PUBLIC**

California has a "multifaceted statutory scheme regulating firearms." *People v. Mosqueda*, 97 Cal. App. 5th 399, 406 (Ct. App. 2023). Law-abiding adults in California may carry a firearm in or around their homes, at their own places of business, or on other private property they lawfully possess. Cal. Penal Code §§ 25605, 26035, 26055. They may also transport firearms (unloaded and properly secured) between authorized locations and for specific purposes. *Id*. §§ 25505, 25520, 25525, 25530. However, California prohibits the carrying of a loaded firearm, whether open or concealed, "on the person or in a vehicle in any public

place or on any public street." *Id*. § 25850(a).  This prohibition does not apply to persons who are licensed to carry a concealed firearm.[1]  *Id*. § 26010.  Thus, only individuals who have been issued a CCW license may carry a loaded firearm concealed in public.  The State has delegated the authority to issue such licenses to sheriffs or chiefs of police.  *Id*. §§ 26150, 26155.  To obtain a CCW license from a local licensing authority, an applicant must establish local residence, or a local principal place of employment or business where the applicant spends a substantial amount of time; complete a firearm safety course; and establish that the applicant is the recorded owner of the firearm the individual is applying to carry.  *Id*. §§ 26150(a), 26155(a).[2]  An applicant must also pass a background check to confirm the applicant is not prohibited under state or federal law from possessing or owning a firearm.  *Id*. §§ 26185(a), 26195(a).

## II.   PLAINTIFF'S LAWSUIT

Plaintiff David Vallejos filed a complaint against the Attorney General and the Riverside County Sheriff, in their respective official capacities, on February 7, 2025.  ECF No. 1.  Plaintiff appears to allege that he meets the requirements to own a firearm and should be permitted to carry a concealed firearm without any CCW license.  *See* Compl. ¶¶ 33-42.  He also alleges that California's CCW licensing scheme violates the Second Amendment and requests an injunction prohibiting California from enforcing its CCW licensing laws.  *Id*. ¶¶ 44, 45, 51, 52.

On February 12, 2025, Plaintiff filed a motion for preliminary injunction requesting that the Court enjoin the State of California from requiring a CCW

---

[1] Licenses generally authorize only concealed carry; but in counties with fewer than 200,000 residents, the sheriff may issue a license allowing open carry in that county only.  Cal. Penal Code §§ 26150(b)(2), 26155(b)(2).

[2] At the time Plaintiff submitted his CCW application in 2023, the relevant statutes required an applicant to also show good moral character and "[g]ood cause" for a license.  Former Cal. Penal Code §§ 26150(a) and 26155(a) (superseded by Senate Bill 2 (Jan. 1, 2024)).

1    license to carry a concealed weapon in public.  ECF Nos. 7, 8.  The Attorney

2    General filed an opposition to the motion, which the Riverside County Sheriff

3    joined, and a hearing is currently scheduled for April 2, 2025.  ECF Nos. 17, 22, 23.

4        Plaintiff claims to have served Defendants with the summons, complaint, and

5    preliminary injunction motion on February 21, 2025.  *See* ECF Nos. 15, 16.

6    However, the summons was not issued by the clerk until February 27, 2025.  ECF

7    Nos. 13, 14.

8                            **LEGAL STANDARD**

9        A party may move to dismiss for insufficient service of process under Federal

10   Rule of Civil Procedure 12(b)(4).  *Cranford v. United States*, 359 F. Supp. 2d 981,

11   984 (E.D. Cal. 2005).  "Rule 12(b)(4) was designed to challenge irregularities in the

12   contents of a summons" or "defects in the *form* of summons."  *Id*. (citing *Chilicky

13   v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986)).  Where a defendant challenges

14   the service of process, the plaintiff bears the burden of establishing validity of

15   service.  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  Challenges to the

16   manner of service are interpreted strictly and dismissal warranted where "defects in

17   the summons go beyond mere technicalities."  *Mid-Continent Wood Products, Inc.

18   v. Harris*, 936 F.2d 297, 300 (7th Cir. 1991); Judge Karen L. Stevenson & James E.

19   Fitzgerald, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial* §

20   5:345 (Cal. & 9th Cir. ed. 2024) (citing *Gianna Enters. v. Miss World (Jersey) Ltd.*,

21   551 F. Supp. 1348, 1358 (S.D.N.Y. 1982)); *see Reeder v. Knapik*, 2007 WL

22   1655812, at *1 (S.D. Cal. June 5, 2007) (dismissing *pro se* plaintiff's complaint and

23   noting that "[a] liberal construction of [service] cannot be utilized as a substitute for

24   the plain legal requirement as to the manner in which service of process may be

25   had" (internal quotations and citations omitted)).

26       Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be

27   dismissed where it fails to state a claim for relief that is "'plausible on its face.'"

28   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

                                        3

550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 678.  In other words, dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.  *Zamani v. Carnes*, 491 F.3d 990, 996 (9th Cir. 2007).

In considering a motion to dismiss, the Court must accept as true the factual allegations in the complaint, but not conclusory allegations, unwarranted factual deductions, or unreasonable inferences.  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).  Where a plaintiff asserts facial challenges to a state law, the plaintiff must establish "that no set of circumstances exists under which the [law] would be valid."  *United States v. Salerno*, 481 U.S. 739, 745 (1987); *S.D. Myers, Inc. v. City & Cnty. of San Francisco*, 253 F.3d 461, 467-68 (9th Cir. 2001).

## ARGUMENT

Plaintiff failed to properly serve the Attorney General with a signed and sealed summons.  Thus, under Rule 12(b)(4), the complaint should be dismissed.  As for Plaintiff's claims, he contends that California's requirement for a CCW license to carry a concealed firearm in public violates his Second Amendment rights.  But the Supreme Court expressly approved licensing regimes like California's, which are "designed to ensure" that "those bearing arms in the jurisdiction are, in fact, 'law-abiding, responsible citizens,'" including laws requiring "a background check" or "firearms safety course."  *Bruen*, 597 U.S. at 38 n.9 (quoting *District of Columbia. v. Heller*, 554 U.S. 570, 635 (2008)).  While Plaintiff may prefer that California adopt a permitless concealed carry regime, the Constitution does not foreclose the licensing requirement that California, and numerous other States and the District of Columbia, have adopted.  Thus, Plaintiff cannot state a claim upon which relief can be granted and any amendment to the complaint would be futile.

1    **I.    PLAINTIFF FAILED TO PROPERLY SERVE THE ATTORNEY GENERAL**

2         Federal Rule of Civil Procedure 4 requires that all defendants be served with a

3    summons that is signed by the court clerk and bears the Court's seal.  Here,

4    Plaintiff served the Attorney General with an unsigned and unsealed summons.  As

5    reflected in the case docket, the proof of service states that the Attorney General

6    was served on Feb. 21, 2025 (ECF No. 15), but the signed and sealed summons was

7    not issued until Feb. 27, 2025 (ECF No. 13).  Thus, a signed and sealed summons

8    could not have been served on the Attorney General.

9         Without proper service of a summons, the Court does not have personal

10   jurisdiction over the Attorney General.  *See Direct Mail Servs., Inc. v. Eclat*

11   *Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("[A] federal court

12   does not have jurisdiction over a defendant unless the defendant has been served

13   properly under Fed. R. Civ. P. 4.").  And a defendant's actual knowledge of the

14   lawsuit is not sufficient to cure defectively executed service.  *Omni Cap. Int'l v.*

15   *Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("[B]efore a court may exercise

16   personal jurisdiction over a defendant, there must be more than notice to the

17   defendant and a constitutionally sufficient relationship between the defendant and

18   the forum."); *Jackson v. Hayakawa*, 682 F.3d 1344, 1347 (9th Cir. 1982) ("Neither

19   actual notice . . . nor simply naming the person in the caption of the

20   complaint…will subject defendants to personal jurisdiction if service was not made

21   in substantial compliance with Rule 4."); *see also Brockmeyer v. May*, 383 F.3d

22   798, 801 (9th Cir. 2004).

23        Moreover, the "[s]ervice of an *unsigned*, *unsealed* summons not issued by the

24   court clerk is more than a mere technical defect.  'Such service may demonstrate a

25   flagrant disregard for the rules and fails to assure the person served that the

26   summons was in fact [properly] issued.'"  Stevenson & Fitzgerald, *supra*, § 5:346

27   (quoting *Gianna Enters.*, 551 Supp. at 1358).  Due to Plaintiff's failure to properly

28

serve the Attorney General, the Court should grant the Attorney General's motion
to dismiss for insufficient service of process.

## II.    PLAINTIFF FAILS TO STATE A COGNIZABLE SECOND AMENDMENT CLAIM

Even if the Attorney General were properly served, Plaintiff's facial Second
Amendment challenge to California's CCW laws fails as a matter of law.  The
Second Amendment does not protect an unqualified right to carry a weapon in
public without a license.  In fact, *Bruen* makes clear that California's shall-issue
concealed-carry licensing regime is constitutional.  Nor does Plaintiff's threadbare
as-applied challenge state any claim.  Because amendment would be futile, the
complaint should be dismissed without leave to amend.

### A.    Shall-Issue Licensing Regimes Are Constitutional Under *Bruen*

Plaintiff cannot succeed in his facial attack on California's shall-issue CCW
licensing regime.  "[F]acial challenges [are] hard to win."  *Moody v. NetChoice,
LLC*, 603 U.S. 707, 723 (2024); *see also NetChoice v. Bonta*, __ F. Supp. 3d __,
2024 WL 5264045, at *8 (N.D. Cal. Dec. 31, 2024) ("Facial challenges to a law's
constitutionality are disfavored.").  They rely on speculation about possible
applications of the law, forcing courts to anticipate cases instead of deciding the
matters before them and "threaten[ing] to short circuit the democratic process."
*Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450-51 (2008).
Courts thus apply a "most exacting standard," *City of Los Angeles v. Patel*, 576
U.S. 409, 418 (2015)—if constitutional faults do not "occur in every case, they do
not justify invalidating [a challenged law] on its face," *United States v. Rahimi*, 602
U.S. 680, 701 n.2 (2024).  Thus, "[a] facial challenge to a legislative Act is . . . the
most difficult challenge to mount successfully." *Salerno*, 481 U.S. at 746.

In this case, Plaintiff's facial challenge to California's licensing requirement
for the concealed carry of firearms fails.  The Supreme Court has repeatedly stated
that the Second Amendment does not protect a right to "keep and carry any weapon

1   whatsoever in any manner whatsoever and for whatever purpose." *Bruen*, 597 U.S.

2   at 21 (quoting *Heller*, 554 U.S. at 626).  The Supreme Court also noted that

3   "nothing" in its decision "should be interpreted to suggest the unconstitutionality of

4   . . . licensing regimes" that required applicants to "undergo a background check or

5   pass a firearms safety course" as a condition of carrying firearms in public.  *Id*. at

6   38 n.9.  These assurances were repeated in *United States v. Rahimi* where the

7   Supreme Court explained that "the right secured by the Second Amendment is not

8   unlimited," does not "sweep indiscriminately," and is "not a right to keep and carry

9   any weapon whatsoever."  602 U.S. at 690-92.

10      In *Bruen*, Justice Kavanaugh, joined by Chief Justice Roberts, wrote

11  separately to underscore the "limits of the Court's decision."  597 U.S. at 79

12  (Kavanaugh, J., concurring).  They reiterated the majority's view that the Second

13  Amendment is not a "regulatory straightjacket," *id*. at 80 (quoting *id*. at 30), and

14  *Heller*'s observation that "the Second Amendment allows a 'variety' of gun

15  regulations," *id*. (quoting *Heller*, 554 U.S. at 626).  States employing objective

16  requirements for concealed-carry licenses "*may continue to do so*."  *Id*. (emphasis

17  added).  Those requirements could include "undergo[ing] fingerprinting, a

18  background check, a mental health records check, and training in firearms handling

19  and in laws regarding the use of force, among other possible requirements."  *Id*.

20  Each of these objective requirements is a feature of California's licensing regime.

21  *See* Cal. Penal Code §§ 26150(a), 26155(a), 26202.

22      More importantly, *Bruen* made clear that "nothing in [its] analysis should be

23  interpreted to suggest" that shall-issue licensing regimes are unconstitutional.  *Id*. at

24  38 n.9.  Such licensing schemes require "authorities [to] issue concealed-carry

25  licenses whenever applicants satisfy certain threshold requirements.  *Id*. at 13.

26  They "often require applicants to undergo a background check or pass a firearms

27  safety course," to ensure that only "those bearing arms in the jurisdiction are, in

28  fact, 'law-abiding, responsible citizens.'"  *Id*. at 38 n.9.  They do not "prevent

'law-abiding, responsible citizens' from exercising their Second Amendment right to public carry." *Id.* Accordingly, under *Bruen*, the ability of states, including California, to require a license to lawfully carry a firearm in public remains constitutional. *See Maryland Shall Issue, Inc. v. Moore*, 116 F.4th 211, 227 (4th Cir. 2024) ("'[s]hall-issue' licensing laws are presumptively constitutional"); *United States v. Libertad*, 681 F. Supp. 3d 102, 111 (S.D.N.Y. 2023) (explaining that "'shall-issue' licensing regimes, so long as they allow persons contemplated by the Second Amendment to keep and bear arms," do not trigger *Bruen*'s historical analysis); *see also Baird v. Bonta*, 709 F. Supp. 3d 1091, 1120 (E.D. Ca. 2023) ("[T]he Court's decisions in *Heller* and *Bruen* do not prohibit California from requiring . . . a license before carrying a gun in public."); *Mosqueda*, 97 Cal. App. at 414 (concluding that, under *Bruen*, California's concealed carry licensing regime remains constitutional when the "good cause" and "good moral character" requirements are severed[3]). Because the Supreme Court has expressly approved licensing requirements for the concealed carry of firearms, Plaintiff's claim that the Second Amendment compels California to adopt a permitless system fails as a matter of law.

**B.    Plaintiff's Challenge To California's Concealed-Carry Licensing Regime Fails Under *Bruen*'s Text-And-History Standard**

Although *Bruen* makes clear that licensing regimes remain constitutional, any challenge to California's concealed-carry licensing scheme would still fail under *Bruen*'s text-and-history standard for adjudicating Second Amendment claims. 597 U.S. at 22-23. Under this text-and-history approach, when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The plaintiff bears the threshold burden of

---

[3] As noted earlier, effective January 1, 2024, California's CCW licensing laws no longer include a "good cause" or "good moral character" requirement. *See* Cal. Penal Code §§ 26150(a), 26155(a).

showing that the plaintiff's proposed course of conduct is presumptively protected.
*B&L Prods., Inc. v. Newsom*, 104 F.4th 108, 117 (9th Cir. 2024). If the Second
Amendment presumptively protected that conduct, the government must then
justify its regulation by demonstrating that it is consistent with our nation's
historical tradition of firearm regulation. *Bruen*, 597 U.S. at 24. To justify
regulations of that sort, *Bruen* held that governments are not required to identify a
"historical *twin*," but need only identify a "well-established and representative
historical *analogue*." *Id.* at 30. In evaluating whether a "historical regulation is a
proper analogue for a distinctly modern firearm regulation," *Bruen* directs courts to
determine whether the two regulations are "'relevantly similar.'" *Id.* at 28-29
(quoting C. Sunstein, *On Analogical Reasoning*, 106 Harv. L. Rev. 741, 773
(1993)). The Court identified "two metrics" by which regulations must be
"relevantly similar under the Second Amendment": "how and why the regulations
burden a law-abiding citizen's right to armed self-defense." *Id.* at 29.

The Court recently applied *Bruen* in *Rahimi*, reiterating that the *Bruen*
standard does not require the government to identify a 'historical twin,' but instead
need only point to a 'historical analogue.'" 602 U.S. at 700; *see also id.* at 691-92
("[T]he Second Amendment permits more than just those regulations identical to
ones that could be found in 1791."). *Rahimi* clarified that "the appropriate
[historical] analysis involves considering whether the challenged regulation is
consistent with the *principles* that underpin our regulatory tradition." *Id.* at 691
(emphasis added).

At *Bruen* step one, California's licensing system is constitutional. Plaintiff is
not challenging any specific requirement for a license but alleges that the Second
Amendment provides a right to carry a firearm without a permit. Plaintiff cannot
meet his threshold burden of showing that the permitless carry of firearms is
presumptively protected by the Second Amendment because the Supreme Court has

1  already made clear that permitting requirements are allowed.  *See supra* Section

2  II.A.  The Court need not proceed any further under the *Bruen* framework.

3  　　Even if Plaintiff could establish that the Second Amendment presumptively

4  protects a right to carry a firearm concealed without a permit, California's CCW

5  licensing regime is constitutional at *Bruen* step two.  State and local licensing laws

6  from the 1700s and 1800s confirm the history and tradition underlying California's

7  CCW licensing scheme.  *See* Joseph Blocher, *Firearm Localism*, 123 Yale L.J. 82

8  (2013) (explaining that firearm regulation at the state and local level has deep roots

9  in American history and tradition).  Indeed, the Supreme Court's analysis in *Bruen*

10  demonstrates that throughout this Nation's history, states have been allowed to

11  regulate the conditions for and methods of carrying firearms in public so long as

12  they do not bar public carry altogether.  *See Bruen*, 597 U.S. at 53.  The Court

13  reviewed several cases from the antebellum era considering laws regulating the

14  manner of carry and concluded that those decisions "agreed that concealed-carry

15  prohibitions were constitutional only if they did not similarly prohibit open carry."

16  *Id*. (citing cases from Alabama, Louisiana, and Kentucky).  The Court also noted a

17  colonial New Jersey law that "prohibited only the concealed carry of pocket pistols

18  . . . [and] presumably did not by its terms touch the open carry of larger

19  [weapons]." *Id*. at 48.  These cases, and the historical state laws they considered,

20  reflected "a consensus view that States could not *altogether prohibit* the public

21  carry of arms protected by the Second Amendment or state analogues," but that

22  reasonable restrictions on the *manner* of carry were otherwise permissible.  *Id*. at 55

23  (italics added).  The Court further noted that state courts after the Civil War

24  "continued the antebellum tradition of upholding concealed carry regimes that

25  seemingly provided for open carry." *Id*. at 68 n.30.  Consistent with historical

26  tradition, California authorizes the concealed carry of firearms with a license.

27  　　As to the burden, California's laws requiring a license to carry firearms in

28  public impose a burden on the right to armed self-defense comparable to the

burdens imposed by presumptively constitutional laws identified in *Bruen*. *See Bruen*, 597 U.S. at 13 (citing approvingly the licensing schemes of 43 states); *id*. at 38 n.9 (noting that "nothing in our analysis should be interpreted to suggest the unconstitutionality of the 43 States' 'shall-issue' licensing regimes" or other licensing requirements that are "'narrow, objective, and definite'"); *see also id*. at 79-80 (Kavanaugh, J., concurring). For example, the background check portion of the licensing requirement employs objective criteria and does not prohibit law-abiding citizens from carrying a firearm in public. *See id*. at 38 n.9 (majority opn.); *id*. at 80 (Kavanaugh, J., concurring).

The licensing laws are also comparably justified to those that support the presumptively constitutional carry laws analyzed in *Bruen*. California's licensing laws ensure that only law-abiding, responsible citizens are authorized to carry a firearm in public. *In re D.L.*, 93 Cal. App. 5th 144, 166 (Ct. App. 2023). That is the very same justification endorsed by *Bruen*. *Bruen*, 597 U.S. at 38 n.9 (noting that conditions for a license were "designed to ensure only that those bearing arms in the jurisdiction are, in fact, 'law-abiding, responsible citizens'").

In sum, California's "shall-issue" CCW licensing regime is analogous to, and consistent with, the well-established historical tradition of state and local laws ensuring that only law-abiding, responsible citizens exercise their Second Amendment rights. *See Baird*, 709 F. Supp. 3d at 1139 (finding that California's licensing scheme is consistent with the Nation's historical tradition of firearms regulations); *see also Suarez v. Paris*, 741 F. Supp. 2d 237, 258 (M.D. Pa. 2024) (concluding that Pennsylvania's "shall-issue" licensing regime to carry a concealed weapon withstands *Bruen*'s historical test). Thus, Plaintiff's facial challenge fails as a matter of law at both steps of the *Bruen* inquiry.

1

2

### C.   The Complaint Does Not Allege Any Facts To Support An As-Applied Challenge

3   Plaintiff also purports to bring an as-applied challenge to California's CCW

4   licensing laws.  Compl. ¶¶ 27, 45.  However, the complaint is devoid of any

5   specific facts regarding the application of the CCW licensing laws to Plaintiff's

6   unique set of circumstances.  *See Calvary Chapel Bible Fellowship v. County of*

7   *Riverside*, 948 F.3d 1172, 1177 (9th Cir. 2020) ("How the statute has been

8   interpreted and applied by local officials is the province of an as-applied

9   challenge"); *Maryland Shall Issue*, 116 F.4th at 225 ("In an as-applied challenge,

10   the court focuses on the circumstances of the particular plaintiffs.").  In fact, the

11   complaint does not even include any allegations that Plaintiff was actually denied a

12   CCW license.  Accordingly, the complaint fails to allege sufficient facts to support

13   an as-applied challenge.

14   ### III.   THE COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

15   When amendment of a complaint would be futile, dismissal may be ordered

16   without leave to amend.  *See, e.g.*, *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir.

17   1996).  Leave to amend should not be granted where "the allegation of other facts

18   consistent with the challenged pleading could not possibly cure the deficiency."

19   *New v. Armour Pharm. Co.*, 67 F.3d 716, 722 (9th Cir. 1995).  Even if Plaintiff

20   properly served the Attorney General with an amended complaint and summons,

21   Plaintiff would be unable to state a Second Amendment claim against California's

22   CCW licensing regime.

23   ### CONCLUSION

24   The California Attorney General respectfully requests that the Court grant this

25   motion to dismiss without leave to amend.

26

27

28

12

1   Dated:  March 24, 2025                    Respectfully submitted,

2                                             ROB BONTA
                                              Attorney General of California
3                                             JOHN D. ECHEVERRIA
                                              Supervising Deputy Attorney General
4

5

6                                             /s/ Jerry Yen

7                                             JERRY T. YEN
                                              Deputy Attorney General
8                                             *Attorneys for Defendant Rob Bonta, in
                                              his official capacity as California
9                                             Attorney General*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF COMPLIANCE**

2

    The undersigned, counsel of record for Defendant Rob Bonta, certifies that

3

this brief contains 3,824 words, which complies with the word limit of L.R. 11-6.1.

4

5

Dated:  March 24, 2025                    Respectfully submitted,

6
                                          ROB BONTA
7                                         Attorney General of California

8
                                          */s/ Jerry Yen*
9
                                          JERRY T. YEN
10                                        Deputy Attorney General
                                          *Attorneys for Defendant Rob Bonta, in*
11                                        *his official capacity as California*
                                          *Attorney General*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28