UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-00350-SPG-E | Date | August 1, 2025 |
|---|---|---|---|
| Title | DAVID PHILLIP VALLEJOS v. ROB BONTA ET AL. | | |

| Present: The Honorable | SHERILYN PEACE GARNETT, UNITED STATES DISTRICT JUDGE |
|---|---|

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceeding:** (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [ECF NO. 7]

Before the Court is a Motion for Preliminary Injunction filed by Plaintiff David Phillip Vallejos ("Plaintiff") (ECF No. 7 ("Injunction Mot.")). The Court has read and considered the parties' submissions and concluded that the Motions are suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the submissions, the relevant law, and the record in this case, the Court DENIES the Motion for Preliminary Injunction.

## Background

On February 7, 2025, Plaintiff, proceeding pro se, filed the instant action against Defendant Rob Bonta, in his official capacity as the Attorney General of the State of California, and Defendant Chad Bianco, in his official capacity as the Riverside County Sheriff. *See* (ECF No. 1 ("Compl.")). In his Complaint, Plaintiff raises both a facial and an as-applied challenge to California's concealed carry weapons ("CCW") licensing laws, contending that such laws violate the Second Amendment of the United States Constitution. *See* (*id.* at 12). He asserts that the Second Amendment entitles him to carry a concealed firearm in public without obtaining a CCW license. *See* (*id.* at 15). The Complaint's prayer for relief requests a preliminary and permanent injunction enjoining California's CCW licensing scheme as well as a declaratory judgment establishing that the licensing laws unconstitutionally violate the Second Amendment. *See* (*id.* at 16–19).

Plaintiff filed a Motion for Preliminary Injunction, *see* (Injunction Mot.), along with a Memorandum in Support of the Motion, *see* (ECF No. 8 ("Injunction Memo")). In response, Defendant Bonta, "specially appearing," opposed the injunction motion. *See* (ECF No. 22

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00350-SPG-E | Date | August 1, 2025 |
| Title | DAVID PHILLIP VALLEJOS v. ROB BONTA ET AL. | | |

("Opp. to Injunction")).[1] Defendant Bianco filed a notice of joinder to Defendant Bonta's opposition to the injunction motion. *See* (ECF No. 23).

### Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). A movant seeking a preliminary injunction must establish that (1) it is likely to succeed on the merits of its claim; (2) it is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities tips in its favor; and (4) a preliminary injunction is in the public interest. *Id.* at 20. The first *Winter* factor, likelihood of success on the merits, is a "threshold inquiry and is the most important factor in any motion for a preliminary injunction." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) (internal quotation marks and citation omitted); *see also Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). The importance of this factor "holds especially true for cases where a plaintiff seeks a preliminary injunction because of an alleged constitutional violation." *Baird*, 81 F.4th at 1042. If the government is the non-moving party, the last two factors—the balance of equities and public interest—merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

### Discussion

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. A series of Supreme Court opinions have established that the Second Amendment "conferred an individual right to keep and bear arms." *D.C. v. Heller*, 554 U.S. 570, 595 (2008); *see also New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 8–9 (2022). This right, however, does not come without limitations. *See Heller*, 554 U.S. at 595 ("Of course the [Second Amendment] right was not unlimited[.]"); *see also United States v. Rahimi*, 602 U.S. 680, 690 (2024). As such, statutes and regulations may limit this right to the extent that the Constitution permits.

As previously stated, Plaintiff claims that California's CCW licensing scheme violates the Second Amendment both facially and as applied to him. As the Supreme Court has explained, the distinction between a facial or as-applied challenge "does not speak at all to the substantive rule of law necessary to establish a constitutional violation;" instead, the distinction "affects the extent to which the invalidity of the challenged law must be demonstrated and the corresponding breadth of the remedy." *Bucklew v. Precythe*, 587 U.S. 119, 138 (2019) (internal

---

[1] Defendant Bonta has also moved to dismiss the lawsuit, to which Plaintiff has not opposed. *See* (ECF No. 29). The Court declines to address the arguments raised in Defendant Bonta's motion, which will be addressed by the magistrate judge assigned to this case pursuant to General Order 05-07.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00350-SPG-E | Date | August 1, 2025 |
| Title | DAVID PHILLIP VALLEJOS v. ROB BONTA ET AL. | | |

quotation marks omitted). The Court addresses each issue in turn.

   A. <u>Facial Challenge</u>

      Relying on *Bruen* and *Rahimi*, Plaintiff argues that the State's CCW regulatory scheme does not pass constitutional muster under the Second Amendment. A facial challenge is "a claim that the law or policy at issue is unconstitutional in all its applications." *Bucklew*, 587 U.S. at 138. In other words, "a plaintiff can only succeed in a facial challenge by establishing that no set of circumstances exists under which the Act would be valid. . . ." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008) (cleaned up) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). "Facial challenges are disfavored for several reasons." *Id.* at 450. This is because "[c]laims of facial invalidity often rest on speculation," thereby raising "the risk of premature interpretation of statutes on the basis of factually barebones records." *Id.* (internal quotation mark omitted). Such claims also "run contrary to the fundamental principle of judicial restraint that courts should neither anticipate a question of constitutional law in advance of the necessity of deciding it nor formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied." *Id.* (cleaned up).

      Against this legal backdrop, the Court finds that Plaintiff's facial challenge to California's CCW licensing scheme is without merit. Plaintiff insists that *Bruen* and *Rahimi* call into question the constitutionality of the State's firearm regulatory scheme. To the contrary, neither *Bruen* nor *Rahimi* disturb the constitutionality of licensing regimes. The Supreme Court has recognized that from the founding period "through the 19th-century cases, commentators and courts routinely explained that the [Second Amendment] right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Rahimi*, 602 U.S. at 691 (discussing historical cases, commentary, and court opinions confirming this point). Further, as relevant here, the Supreme Court in *Bruen* emphasized that "nothing in our analysis should be interpreted to suggest the unconstitutionality" of States' "shall-issue licensing regimes." 597 U.S. at 39 n.9 (internal quotation marks omitted). Such regimes may "require applicants to undergo a background check or pass a firearms safety course," and those measures do not offend the Second Amendment because they "are designed to ensure only that those bearing arms in the jurisdiction are, in fact, law-abiding, responsible citizens." *Id.* (internal quotation marks omitted); *see also id.* at 80 (Kavanaugh, J. concurring, with C.J. Roberts joining) (acknowledging that "shall-issue regimes may require a license applicant to undergo fingerprinting, a background check, a mental health records check, and training in firearms handling and in laws regarding the use of force, among other possible requirements"). Plaintiff does not present any argument demonstrating why the challenged CCW licensing regime is unconstitutional in all its applications. Therefore, his facial challenge and his request for the Court to order the "State of California to cease" its "CCW Scheme and adopt [a] permit-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00350-SPG-E | Date | August 1, 2025 |
| Title | DAVID PHILLIP VALLEJOS v. ROB BONTA ET AL. | | |

less carry" system are denied. (Injunction Memo at 30).[2]

    B. <u>As-Applied Challenge</u>

    With the facial challenge settled, the Court now turns to Plaintiff's as-applied challenge. Unlike a facial challenge, "[a]n as-applied challenge contends that the law is unconstitutional as applied to the litigant's particular . . . activity, even though the law may be capable of valid application to others." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998). Plaintiff's as-applied claim fails for two important reasons.

    First, the Complaint is wholly devoid of any facts alleging how Defendants' enforcement of the CCW licensing laws unconstitutionally violated Plaintiff's Second Amendment right, as applied to him. This deficiency is critical because a proper assessment of an as-applied challenge requires interpreting how the application and enforcement of the challenged law offended a plaintiff's constitutional right under his particular circumstances. *See Calvary Chapel Bible Fellowship v. County of Riverside*, 948 F.3d 1172, 1177 (9th Cir. 2020) ("How the statute has been interpreted and applied by local officials is the province of an as-applied challenge."); *Maryland Shall Issue, Inc. v. Moore*, 116 F.4th 211, 225 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1049 (2025) ("In an as-applied challenge, the court focuses on the circumstances of the particular plaintiffs."). In his memorandum in support of the injunction motion, Plaintiff raises in the first instance *some* factual allegations about a possible as-applied challenge. *See* (Injunction Memo at 8, 13, 21) (vaguely referencing Defendants' denial of Plaintiff's CCW application based on an investigation and protective order). The Complaint, however, does not allege those facts of Defendants' conduct at all. Indeed, Plaintiff's memorandum cites non-existent paragraphs from his pleadings. *See* (*id.* at 8). Plaintiff cannot cure the deficiencies in his pleadings by way of adding new factual allegations of Defendants'

---

[2] It bears emphasis that Plaintiff does not challenge any particular requirement of the CCW licensing system. *See Bruen*, 597 U.S. at 39 n.9 (cautioning that "any permitting scheme can be put toward abusive ends" and may trigger constitutional challenges and giving examples). Instead, he asserts that the Second Amendment provides a guaranteed right to carry a firearm without a permit. As explained in the above-the-line text, Supreme Court precedent counsels against this position. Moreover, because precedent has established that shall-issue regimes are permitted, without showing an unconstitutional component thereof, Plaintiff's wholesale challenge does "not even trigger a *Bruen* inquiry into whether they are consistent with this Nation's tradition of firearm regulation." *United States v. Libertad*, 681 F. Supp. 3d 102, 111 (S.D.N.Y. 2023). Thus, the Court declines to render a ruling on Plaintiff's requested, much broader and unnecessary grounds.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00350-SPG-E | Date | August 1, 2025 |
| Title | DAVID PHILLIP VALLEJOS v. ROB BONTA ET AL. | | |

challenged conduct in his subsequent moving papers.[3] *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("We hold that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself."). Thus, the Court will not consider these factual allegations at this stage.

Second, though Plaintiff characterizes his claim as an as-applied challenge, his requested relief seeks an injunction that again mandates the "State of California to cease" its "CCW Scheme and adopt [a] permit-less carry" system. (Injunction Memo at 30). Consistent with *Bucklew*, 587 U.S. at 138, another court in this district similarly noted that, though the plaintiffs characterized their claim as an as-applied challenge, they "request an injunction completely prohibiting Defendants from enforcing the ordinance in any manner . . . ." *California Rifle & Pistol Ass'n, Inc. v. City of Glendale*, 644 F. Supp. 3d 610, 620 (C.D. Cal. 2022). As such, the court found plaintiffs' "characterization of their claim as an as-applied challenge [] dubious, at least with respect to the arguments and the relief sought in the instant motion." *Id.* at 621. Such is the case here. Plaintiff's requested injunction is not tailored to remedy a specific component of the CCW license application process that, as applied to him, unconstitutionally violated his Second Amendment right. Thus, Plaintiff's as-applied challenge is also denied.

<u>Conclusion</u>

For the foregoing reasons, the Court DENIES the Motion for Preliminary Injunction.[4]

:

Initials of Preparer   pg

---

[3] To the extent Plaintiff raises a due process challenge in his memorandum in support of the preliminary injunction motion, such a challenge fails for the same reasons. *See* (Injunction Memo at 22–27). The Complaint does not bring a due process cause of action.

[4] The Court DENIES AS MOOT Defendant Bonta's Request for Judicial Notice (ECF No. 22-4), because the Court does not rely on these materials in ruling on the Motion for Preliminary Injunction. *See e.g., Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 976 (9th Cir. 2006) (a district court may deny judicial notice of documents it does not rely upon and which are not pertinent or necessary to its ruling).